UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR. No. 07 -061(JDB) |
| | : | |
| v. | : | |
| | : | |
| NAIBEYE EMMANUEL KOUMBAIRIA, | : | |
| Defendant | : | |

GOVERNMENT MOTION TO CHANGE
DEFENDANT'S CONDITIONS OF RELEASE

The United States of America, by and through its' attorney, the United States Attorney for the District of Columbia, hereby requests that the Court change the defendant's Conditions of Release pursuant to 18 U.S.C. § 3142(f)(2)(B) and hold the defendant without bond pending trial. As reasons therefor, the government presents the following.

Procedural History

On March 6, 2007, a search warrant was executed at defendant's residence located at 5125 8th Street, N.W. in Washington, D.C. The warrant was for evidence of a Bank Fraud conspiracy which the United States Secret Service (USSS) has been investigating since February 2006. During the course of the search, the firearm and ammunition were found. JoAnn Smith, the mother of defendant's five-year-old son, their five year old son, and Ms. Smith's teenage son all denied that the gun was theirs. Moreover, cooperators on the Bank Fraud investigation stated that they had seen the defendant with the distinctive gun on several occasions.

On Wednesday, March 7, 2007, the defendant had his initial appearance before Magistrate Judge Facciola. Magistrate Judge Facciola granted the government's request for a hold, pursuant

to 18 U.S.C. § 3142(f)(1)(E). The case was set for a hearing on Monday, March 12, 2007. Unfortunately, government counsel did not remember that the Federal Public Defender's Office could not represent the defendant since there was a conflict. Indeed, there are a number of cooperators in this case with a potential of 93 coconspirators.[1] Since it was the third business day, Judge Facciola, had no other choice but to release this defendant. Government Counsel never had the opportunity to make it's detention argument. The case was continued for a detention hearing until Thursday, March 15th. On the same day, the defendant was indicted on one count of 18 U.S.C. § 922 (g) (Felon in Possession of a Firearm). When government counsel tried to proceed with the detention hearing, Judge Facciola denied her request finding that he no longer had jurisdiction over the case because it had been indicted. Judge Facciola did not agree with undersigned counsel, as other Magistrate Judges had done in the past, that Magistrate Judges retain jurisdiction until an Article Three Judge is assigned to the case. Again, counsel had no opportunity to made a detention argument and the defendant was again released.

Background on the Bank Fraud Investigation

Special Agents from the United States Secret Service have been conducting an ongoing investigation on a group of individuals involved in a conspiracy to commit Bank Fraud since Feburary 8, 2006. To date, over $500,000.00 dollars in counterfeit checks have been uttered at check cashing stores and financial institutions in the Washington D.C. metropolitan area. On August 12, 2006, Cooperating Witness (Hereinafter "C-1") was placed under arrest by the Metropolitan Police Department for violations of Title 18 U.S.C. § 1344 (Bank Fraud).

---

[1] Counsel has now made a conflict list which has been provided to Erica Freeman in the Federal Public Defender's Office. Moreover, of course the government will not be indicting that many people in this case.

On August 15, 2006, C-1 stated to USSS special agents that in December, it had been approached by a black male, who used the street name "BEE" (later identified as NAIBEYE KOUMBAIRIA). KOUMBAIRIA asked C-1 to cash "fake" (ie: counterfeit) checks that he produced in exchange for a percentage of the illicit profits received from the uttering of the counterfeit checks. C-1 admitted to cashing approximately 10 counterfeit checks it received from KOUMBAIRIA. C-1 stated that KOUMBAIRIA produced counterfeit checks drawn on legitimate business accounts. C-1 stated that KOUMBAIRIA produced a new batch of counterfeit business checks using different compromised account information check, after each account was discovered to be compromised by the financial institutions. KOUMBAIRIA stated to C-1 that he obtained the business account information from an unknown source who worked inside a financial institution. C-1 stated that KOUMBAIRIA indicated that he had been producing "fake" (counterfeit) checks since 1997.

C-1 has been determined to be reliable by providing information about KOUMBAIRIA and the fraud scheme, such as: the make, color and approximate year of KOUMBAIRIA's vehicle, KOUMBAIRIA's drug arrest for possession of Marijuana, and that KOUMBAIRIA was born in Africa. On January, 30 2007, C-1 positively identified NAIBEYE KOUMBAIRIA as the person known to it as "BEE" from KOUMBAIRIA's DC DMV photo.

On February 7, 2007, Cooperating Witness (Hereinafter "C-2") was interviewed by Agents of the USSS. C-2 has been proven to be reliable on numerous occasions. C-2 admitted to participating in the conspiracy to commit bank fraud with a person known to it as "BEE." C-2 stated it had met KOUMBAIRIA in summer of 2006, at which time C-2 revealed to KOUMBAIRIA that it worked at a nationally known financial institution. KOUMBAIRIA asked C-2 if it would like to make additional income by supplying KOUMBAIRIA with customer account information from the

financial institution. C-2 agreed to supply KOUMBAIRIA with account information in exchange for monetary compensation.

C-2 stated to Agents of the USSS that it supplied KOUMBAIRIA with approximately 15 account numbers and numerous copies of customer's business checks obtained from the financial institution. C-2 stated that KOUMBAIRIA explained to it that the information was used to produce "fake" (counterfeit) checks that would be cashed by persons who were in need of money. KOUMBAIRIA offered C-2 $500 dollars for each account that C-2 provided from the financial institution. C-2 stated that it only received between $100 to $200 dollars per account it provided to KOUMBAIRIA. C-2 stated that when questioned about the discrepancy, KOUMBAIRIA stated that the other persons in the conspiracy needed to be paid a portion of the profits.

The account information provided by C-2 to KOUMBAIRIA was subsequently used on counterfeit business checks that have been cashed in the D.C. Metropolitan area at various financial institutions and private check cashing businesses. C-2 provided verifiable information about KOUMBAIRIA such as the make, model and color of KOUMBAIRIA's's vehicle, KOUMBAIRIA's home address, and facts about KOUMBAIRIA's family. C-2 positively identified NAIBEYE KOUMBAIRIA as the person known to it as "BEE" from KOUMBAIRIA's DC DMV photo.

Finally, the USSS Special Agents have recently spoken to another cooperating witness (C-3). That witness has provided verifiable information, which corroborate all of the information provided by C-1 and C-2. In addition, C-3 has provided information which is verified by arrest records and court cases of other persons involved in the conspiracy. In addition, C-3 had provided information that not only did the defendant have the distinctive gun (with duct tape on it) which was confiscated during the search, but that he also owns several other firearms, including handguns and sawed-off

4

shot guns, as well as a bullet-proof vest, which he moves around from time-to-time.

<u>Bank Fraud Evidence Recovered During Execution of the Search Warrant</u>

In addition to the firearm and ammunition, Special agents recovered three computers; numerous computer compact discs; numerous copies of original checks that were written to no person residing in that household; perforated bottoms of check stock, software for making checks; numerous personal identifying information for no person residing at that household, including, names, addresses and social security numbers and credit cards, not in the name of anyone residing at the house.

In a preliminary imaging of the computer discs found in the defendant's house, the agents were able to identify, approximately 390 checks from various businesses throughout the country. Of those checks, only 45 matched the known bank accounts which have been identified as being part of the conspiracy. Although the loss amount is now at $500,000, there is a very likely potential that the loss amount will be much higher. Moreover, during the initial imaging of the computer, the agents found counterfeit currency. They discontinued the imaging to apply for an addendum to the search warrant to include evidence of counterfeiting.

<u>Argument</u>

It is the government's position that in light of the following, the defendant is clearly a flight risk and he has much reason to flee. First he knows that there is a bank fraud investigation against him that could result in him being incarcerated for a very lengthy time. Moreover, he clearly has the means to flee. First, with his access to identifying information of other persons, he could clearly get a fake license, birth certificate and a passport so that he could flee the country. Although he is currently in this country legally, he is not a United States citizen. Rather he is from Chad, Africa.

He therefore has access to people and places to stay in other countries. Indeed, identified as being involved in this conspiracy are persons from Liberia, Nigeria and Ethiopia.

The defendant has access to money to enable him to flee as well. Although his computer is gone, he certainly could purchase another one and all of the paraphernalia that is needed to carry on his operation. As noted earlier, we have identified at least 93 coconspirators, at different levels in the organization. Of course, not all of them have been arrested, including those at levels who could give the defendant access to the check scheme and money. We should also note that all of our intelligence to date show the defendant as the head of this conspiracy. Finally, I note that there is a possibility that the defendant is in the business of counterfeiting U.S. currency, in light of what was found on his computer.

Based upon an NCIC check, in the past the defendant has used at least five aliases and 2 different dates of birth. In addition, he has not abided by his conditions of release in the past. When the defendant committed the 2003 offense of Theft Scheme over $500., he was on probation for a 2003 possession of marijuana. Based upon the foregoing, the government submits that the defendant poses a serious risk of flight. This flight risk, taken into consideration with the nature of this offense and the fact that we have learned from a reliable source that he has owned several weapons in the past, including a sawed-off shot gun, as well as a bullet-proof vest, the government submits that there is clear and convincing evidence that there are no conditions or combinations of conditions that will assure the safety of the community or defendant's presence at future court proceedings.

WHEREFORE, the government requests that defendant be held without bond pending trial or disposition in this matter.

                                            Respectfully submitted,

                                            JEFFREY A. TAYLOR
                                            United States Attorney
                                            Bar No. 498610

_____By:_____
                                            DEBRA L. LONG-DOYLE
                                            Assistant U.S. Attorney
                                            Bar No. 362518
                                            Federal Major Crimes Section
                                            555 Fourth Street, N.W.
                                            Washington, D.C.  20001
                                            (202) 305-0634
                                            Debra.Long-Doyle@USDOJ.Gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CR. No. 07 -061(JDB) |
| | : | |
| v. | : | |
| | : | |
| **NAIBEYE EMMANUEL KOUMBAIRIA**, | : | |
| <u>         Defendant         </u> | | |

## ORDER

This matter comes before the Government's Motion to Change Defendant's Conditions of Release. For the reasons stated therein and for good cause shown, it is this _____ day of March,

**ORDERED** that the defendant shall be held without bond pending trial or the disposition of this matter.

_____
JOHN D. BATES
United States District Court Judge
