IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Vs. ) | Criminal No: 07-061 (JDB) |
| ) | |
| ) | |
| NAIBEYE KOUMBAIRIA ) | |
| **Defendant.** ) | |
| ) | |

### DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO CHANGE DEFENDANT'S CONDITIONS OF RELEASE

**COMES NOW**, Defendant, Naibeye Koumbairia, by and through, John O. Iweanoge, II, and THE IWEANOGES FIRM, P.C., his attorneys hereby pursuant to 18USC§3142 moves this Honorable Court to deny the Government's motion to change defendant's conditions of release because he is not a danger to the community and/or a risk of flight and there are combinations of conditions that has already been ordered by the Court that has continued to assure his continued presence for his court dates. As grounds for this request, defendant through counsel avers the following in support thereto:

1. That Mr. Koumbairia was arrested on March 6, 2007 based on a search and arrest warrant charging Bank Fraud in violation of 18USC§1344 in Case No: 07-080-M-01.

2. That on March 6, 2007 in the course of the execution of the search and arrest warrant aforestated, the search team found a gun in a closet accessible to others and also charged him with firearm possession in violation of 18USC§922 in Case No: 07-081-M-01.

3. The Government on March 7, 2007 requested a hold pursuant to 18USC§3142 which was granted by the Judicial Officer and detention hearing was set on March 12, 2007.

4. The defendant was ordered released in accordance with 18USC§3142 on March 12, 2007 by a Judicial Officer and placed him on High Intensity Supervision Program (hereinafter referred to

as HISP.) On the continued date of March 15, 2007, the Government indicted him on the gun charge, 18USC§922 and dismissed the Bank Fraud, 18USC§1344.

5. The Judicial Officer in releasing Mr. Koumbairia considered 18USC§3142 factors and put him on HISP-CS electronic monitoring with ankle bracelet, curfew from 10:00pm-6:00am that was recently modified by this Court to 6:00pm-6:00am; daily reporting to HISP in person, that has also been modified to twice weekly and HISP recommendation that he continue to be in the program which eliminates any risk of flight and/or danger to the community.

6. That the Government's request for a change of release conditions at this stage of the proceedings under the guise of 18USC§3142 (f)(2)(B) is misplaced.

7. That the re-opening of a detention hearing pursuant to 18USC§3142 (f)(2)(B) after a determination by the Judicial Officer as in the case at bar, requires that information exists that was not known to the movant at the time of the hearing, which is not the case in Mr. Koumbairia's situation, because the Government had all this information at that time.

8. That the Government's recitation of defendant being a flight risk and being suspected of bank fraud were previously made known to the Judicial Officer. Additionally, the Government is deemed to know the law and they chose to dismiss the bank fraud case and indict the gun case.

9. That the Government's motion misses the mark legally and factually on the required factors to be considered by a Judicial Officer enumerated in 18USC§3142 (g), none of which includes the nature and circumstances of an <u>uncharged</u> offense, in this case the alleged Bank Fraud, which is the only basis enumerated in the Government's 7 page motion. It is pertinent to point out that the Government's motion mirrors the exact facts and circumstances stated in the affidavits in support of the search and arrest warrant that was already reviewed by a Judicial Officer before releasing Mr. Koumbairia to HISP.

10. That Mr. Koumbairia is on HISP-CV, a lawful resident of United States arising from a granting of a withholding of deportation by an Immigration Judge because his father who was the former Ambassador of Chad to the United States was murdered in 1994 by the present president of Chad and he and his entire family can not return to Chad or any African Country for fear of the same fate that met his murdered father. Additionally, he has strong ties to this community including his common law spouse, JoAnn Smith, 6yr old son, 15yr old step-daughter and their home in Washington, D.C. Furthermore, defendant is employed and has abided to date with the Judicial Officers release order, necessitating no need to change the conditions of release to a hold without bond as stated in the Government's muddled and misleading motion.

11. That defendant's release conditions should be allowed to remain as is, except the Court albeit not necessary, can require daily reporting to HISP under Pre-trial Services Agency, in addition to the 6:00am-6:00pm curfew, drug testing, treatment and counseling. If there is any violation, then he can be changed from HISP-CV to HISP-HC that eliminates the Government's unforeseeable risk of flight and/or danger to the community for a person without a prior conviction for failure to appear and/or any violent offense to date.

12. That pursuant to 18USC§3142 (J), nothing in 18USC§3142 shall be construed as modifying or limiting Mr. Koumbairia's right as any other person, to the presumption of innocence in the charged gun case under 18USC§922 and/or the <u>uncharged</u> Bank Fraud case under 18USC§1344, although inapplicable for the purpose of 18USC§3142 detention analysis.

**WHEREFORE**, the defendant, Naibeye Koumbairia by and through his attorneys respectfully requests that the Government's motion to change defendant's conditions of release be denied.

                                                          Respectfully submitted,

                                                          Naibeye Koumbairia
                                                          Defendant by Counsel

THE IWEANOGES FIRM, P.C.

By: _____/s/JohnOIweanogeII/s/_____
     John O. Iweanoge, II  (DCB# 439913)
     IWEANOGE LAW CENTER
     1026 Monroe Street, N.E.
     Washington, DC 20017
     Phone:  (202) 347-7026
     Fax:     (202) 347-7108
     Email:  joi@iweanogesfirm.com
     Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was sent this \_\_3\_\_\_\_ day of \_\_\_April, 2007.

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
TO CHANGE DEFENDANT'S CONDITIONS OF RELEASE**

by ECF to the person at the address set forth below:

Debra Long-Doyle, AUSA
U.S. Attorneys Office
for the District of Columbia
555 4th Street, NW
Washington, DC 20530

Dated: \_3\_\_ day of \_\_April\_\_\_, 2007.                     \_\_\_/s/JohnOIweanogeII/s/_____
                                                                          Counsel to Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| Vs. ) | Criminal No: 07-061 (JDB) |
| ) | |
| ) | |
| **NAIBEYE KOUMBAIRIA** ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

**UPON CONSIDERATION** of Government's Motion to change Defendant's conditions of release, the defendant's opposition thereto, it is this _____ day of _____, 2007 by the United States District Court for the District of Columbia, hereby:

**ORDERED** that Government's Motion be and same is hereby **DENIED** and it is,

**FURTHER ORDERED**
_____

_____

**SO ORDERED.**

                                                                                                            _____
                                                                                                               John D. Bates
                                                                                                            U.S. District Judge

cc:    John O. Iweanoge, II
        THE IWEANOGES FIRM, P.C.
        IWEANOGE LAW CENTER
        1026 Monroe Street, N.E.
        Washington, DC 20017

        Debra Long-Doyle, AUSA
        U.S. Attorneys Office
        for the District of Columbia
        555 4th Street, NW
        Washington, DC 20530