UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-061 (JDB) |
| | : | |
| | : | |
| | : | |
| NATBEYE KOUMBAIRIA, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**GOVERNMENT'S MOTION IN LIMINE SEEKING ADMISSION OF INTRINSIC EVIDENCE OF THE CRIME CHARGED OR IN THE ALTERNATIVE TO SEEK ITS' ADMISSION PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves in limine for admission of certain intrinsic evidence of the crime charged, or in the alternative to seek its' admission pursuant to Federal Rule of Evidence 404(b). The government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

**Factual Background**

Defendant is charged with one Count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, Section 922(g)(1). The gun was recovered from a closet in defendant's residence located at 5125 8th Street, N.W., Washington, D.C. 20011-4021 on March 6, 2007, when special agents from the United States Secret Service executed an arrest warrant at that location in connection with a bank fraud investigation. Defendant shares this residence with three other persons: Joann Smith, the mother of his child, a 5 year old child the two have together and Smith's 14 year old child by another relationship.

1

**Evidence Sought to Be Introduced**

The Secret Service has been involved in a Bank Fraud Conspiracy investigation since February 2006. Based upon information provided by several cooperating witnesses, the Secret Service Agents obtained a warrant for defendant's home in order to search for evidence of the ongoing Bank Fraud. The government seeks to introduce evidence of the Bank Fraud Conspiracy investigation for the limited purpose of explaining why the agents conducted the search at defendant's home. In addition, the government seeks to introduce the testimony of a government cooperator who was a participant in the Bank Fraud conspiracy. The cooperator will testify that in or about June of 2006, it was over the defendant's house where it saw the defendant with the distinctive gun in his possession. We anticipate that the cooperator will be able to testify that gun recovered from defendant's house on March 6, 2007, was that same gun defendant had in June of 2006, or that it looked just like that gun.

**Legal Analysis**

Rule 404(b) of the Federal Rules of Evidence provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." Fed. R. Evid. 404(b).

Rule 404(b) is a rule of inclusion rather than exclusion. See United States v. Bowie, 232 F.3d 923, 929-30 (D.C. Cir. 2000) ("'[A]lthough the first sentence is 'framed restrictively,' the rule itself 'is quite permissive,' prohibiting the admission of other crimes evidence 'in but one circumstance'—for the purpose of proving that a person's actions conformed to his character."). Indeed, the rule prohibits "only that which lacks any purpose but proving character." Id. at 930.

The analysis proceeds in two steps, beginning with the question of relevance. Id. The Court determines whether "the other crime or act [is] relevant and, if so, relevant to something other than the defendant's character or propensity. If yes, the evidence is admissible unless excluded under other rules of evidence such as Rule 403." Id.

Notwithstanding Rule 404(b), evidence that forms an "integral and natural part of the witness's account of the circumstances surrounding the offenses for which the defendant was indicted" is admissible even if it tends to reflect negatively on the defendant's character. United States v. Foster, 889 F.2d 1049, 1054, n. 5 (11th Cir. 1989); accord U.S. v. Bowie, supra, 232 F.3d @ 927 (Courts have denominated evidence of the same crime "intrinsic" and evidence of "other" crimes "extrinsic". ... Rule 404(b) applies only to evidence of defendant's "other crimes, wrongs or acts." If evidence is "inextricably intertwined" with the charged crime, courts typically treat it as the same crime. Id. @ 928. If the evidence is inextricably intertwined, it bypasses R. 404(b) and its notice requirement and carries with it an implicit finding that the evidence is admissible for all purposes and eliminates the defendant's entitlement upon request for a jury instruction.

With respect to the evidence regarding why the Secret Service Special Agents executed a warrant at defendant's residence – that is to search for evidence of the Bank Fraud Conspiracy – this is not other crimes evidence. Rather it serves only to explain the presence of the agents at that location. See, U.S. v. Garces, 133 F.3d 70, 77 (D.C. Cir. 1998). In Garces, law enforcement officers went to the defendant's home to execute an arrest warrant for murder. While at defendant's residence, the officers saw an automobile key in plain view, which they seized. After obtaining permission from defendant's aunt to search the automobile, they found a firearm. The defendant there, as in the instant case, was subsequently charged with possession of a

3

firearm by a person previously convicted of a crime punishable by imprisonment for more than one year. The defendant sought to keep out the fact that there was an arrest warrant for him, and that the officers executing the warrant were homicide detectives. The D.C. Circuit disagreed and held that this was not other crimes evidence, rather the evidence of the warrant, the execution of which had led to seizure of the car and its contraband, was part of the explanatory background.1

With respect to the testimony of the government cooperating witness that it had seen the defendant with the same gun on a previous occasion, that also is not "other crimes" evidence and thus the R. 404(b) analysis is unnecessary. See, U.S. v. Towne, 870 F.2d 880, 886 (2d Cir. 1989). In Towne the court squarely held that the continuous possession of the same gun does not amount to a series of crimes, but rather constitutes a single crime. There, the defendant was prosecuted for weapons offenses and the Court of Appeals upheld the government's introduction of evidence of defendant's possession of the same firearm 2 years earlier. Towne was cited with approval by the Court in Bowie, supra.

In Bowie, the D.C. Court of appeals considered whether in a counterfeit money prosecution the possession of counterfeit money at the time of arrest could be admitted as "intrinsic" evidence of the crime charged – that is the possession of different counterfeit money one month earlier, without the R. 404(b) analysis. The Court held that because the money possessed on the two occasions was not the same, a 404(b) analysis was necessary. In making the analysis, the Court contrasted the facts of Towne, agreeing with the Court that the possession of the same evidence at different times was not another crime. The Bowie Court nonetheless

---

1 The Court in Garces further held that the government witnesses must not refer to the purpose of the arrest warrant. The government here does not seek to introduce evidence of the reason for the warrant, only that there was an investigation which led to the agents obtaining a search warrant and that the agents were lawfully on the premises when the gun was found. Moreover, assuming arguendo that the evidence of the search warrant is R. 404(b) evidence, this evidence is clearly not being introduced to prove defendant's character or propensity, rather it is being introduced as background information to explain why the agents were at that location.

found that the other counterfeit money was admissible under the R. 404(b) analysis and the R. 403 balancing test. Likewise, in the instant case, even if such an analysis is required, the cooperator's testimony regarding the defendant's prior possession of the gun with which he is charged with possessing is clearly admissible.

WHEREFORE, the government motion should be granted.

> Respectfully submitted,
>
> JEFFREY A. TAYLOR
> United States Attorney
> D.C. Bar No. 498610
>
> _____
>
> Debra L. Long-Doyle
> Assistant United States Attorney
> D.C. Bar No. 462518
> Federal Major Crimes
> 555 4th Street, N.W., Room 4828
> Washington, DC 20538
> Phone: 202-305-0634
> Debra.Long-Doyle@USDOJ.Gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-061 (JDB) |
| | : | |
| | : | |
| | : | |
| NATBEYE KOUMBAIRIA, | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

### ORDER

After consideration of the Government's Notice of Intent to Introduce Intrinsic Evidence of the Crime Charged, it is hereby

**ORDERED** that the Court finds that the proffered evidence of the search warrant for defendant's residence and evidence of the defendant's prior possession of the firearm with which he is charged in the instant offense, is not other crimes evidence and is therefore admissible in the instant case. It is further,

**FURTHER ORDERED** that the proffered evidence is admissible at trial as part of the Government's case-in-chief.

**SO ORDERED** this _____ day of _____, 2007.

_____
JOHN D. BATES
United States District Judge