UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA       :   No. 1:07-cr-161-JDB
                               :
         v.                    :
                               :
NATBEYE KOUMBAIRIA,            :
         Defendant             :

Government's Motion To Permit Impeachment of Defendant With
Evidence of Prior Conviction

The United States of America, by and through the United States Attorney for the District of Columbia, hereby moves the Court to permit impeachment of the defendant with evidence of his prior conviction for distribution of heroin, if he chooses to testify at trial in the above matter, pursuant to Rule 609 of the Federal Rules of Evidence.

Background

Defendant Natbeye Koumbairia has been charged in a one-count indictment with being a felon in possession of a firearm and ammunition, on or about March 6, 2007, in violation of 18 U.S.C. § 922(g). The charge stems from a search warrant executed on that date at the defendant's residence, which resulted in the recovery of a loaded High-point .45 caliber handgun. The predicate prior conviction supporting the charge is the defendant's 2002 Maryland conviction for theft (concealment) of property valued at over $500.

The Defendant's 2002 Theft Conviction Is
Admissible for Impeachment Purposes.

Pursuant to rule 609 of the Federal Rules of Evidence, subject to certain time limits, evidence that an accused has been convicted of a crime punishable by death or imprisonment in excess of one year is admissible, for the purpose of attacking the credibility of the accused as a witness, "if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused."  Fed. R. Evid. 609(a)(1).  The time limitations generally require that, to be admissible for use as impeachment, the conviction, or the release of the accused-witness from confinement imposed for the conviction, have been imposed or taken place within 10 years of the date the accused is testifying.  Fed. R. Evid. 609(b).

Under Maryland law applicable at the time of his predicate offense, theft consisted of a person willfully and knowingly obtaining or exerting unauthorized control over property, and (1) the person has the purpose of depriving the owner of the property; (2) the person willfully or knowingly uses, conceals, or abandons the property in such manner as to deprive the owner of the property; or (3) the person uses, conceals, or abandons the property knowing the use, concealment or abandonment probably will deprive the owner of the property.  See Md. Code § 27-342(a) (amended and recodified 2002).  When the property involved is worth more than $500, the maximum penalty is 15 years in prison.  See id. § 27-342(f).

Having suffered the conviction in 2002, the prior conviction meets rule 609's general timing requirements. It is also a felony for purposes of the rule, given that the maximum penalty is more than 15 years in prison.

As for probative value and prejudicial effect, the Court of Appeals, in United States v. Jackson, 201 U.S. App. D.C. 212, 627 F.2d 1198 (1980), set out a non-exhaustive list of factors that a district court should consider when determining the admissibility of a prior conviction for impeachment of a criminal defendant: the nature of the crime, the time of the conviction, the similarity of the past crime to the charged crime, the importance of the defendant's testimony, and the degree to which the defendant's credibility is central to the case. Id. at 223, 627 F.2d at 1209.

In this case, on balance, these factors weigh in favor of admissibility under rule 609 of the defendant's prior conviction.

First, theft is the type of offense that involves "a conscious disregard for the rights of others," and is therefore the type of conviction that directly affects a witness's credibility. See United States v. Lipscomb, 226 U.S. App. D.C. 312, 702 F.2d 1049 (1983). Thus, the first Jackson factor supports admission under rule 609.

The second Jackson factor, the timing of the conviction, is neutral, given that the conviction occurred roughly half-way through the 10-year timeframe of the rule.

The third Jackson factor weighs in favor of admission.  The prior conviction was for theft and the defendant is charged with a weapons offense.  Thus, given the distinctiveness of the two types of offenses, there is very little risk that the jury will improperly infer guilt merely because the defendant has been convicted in the past.

As for the importance of the defendant's testimony and the degree to which his credibility is central, the final two Jackson factors, this case is likely to come down to whether the jury believes the defendant constructively possessed the firearm and, ammunition.  This will be a constructive possession case.  The government does not expect to present any evidence that the firearm or any ammunition was on the defendant's person at the time the search warrant was executed.  If the defendant testifies at trial that he knew nothing about the firearm or the ammunition, the jury should also be permitted to consider that the defendant has a prior conviction for theft.  Thus, the fourth and fifth Jackson factors--the importance of the defendant's testimony and the degree to which his credibility is central-- also weigh in favor of admitting the prior drug conviction for impeachment purposes.

Furthermore, in this case the government will already have offered proof in its case in chief that the defendant has been convicted of a prior offense carrying a penalty of more than one year in prison, in order to prove up a necessary element of the crime. Under such circumstances, there is less prejudice to the defendant when he is later impeached with evidence of the same prior conviction. Cf. United States v. Lattner, 385 F.3d 947, 960-61 (6th Cir. 2004) (holding that prejudicial effect of impeachment of defendant with evidence of prior drug conviction was minimal in light of fact that government had already introduced evidence of the defendant's conduct underlying the prior conviction, pursuant to rule 404(b) of the Federal Rules of Evidence), cert. denied, 543 U.S. 1095 (2005).

## Conclusion

The Court should permit the government to impeach the defendant with evidence of his prior conviction. A proposed order is attached.

                        Respectfully submitted,
                        JEFFREY A. TAYLOR
                        UNITED STATES ATTORNEY

                  /s/
by: _____
                        Michael C. Liebman
                        Assistant United States Attorney
                        D.C. Bar No. 479562
                        555 Fourth Street, N.W., room 4231
                        Washington, D.C.  20530
                        353-2385
                        michael.liebman@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 1:07-cr-161-JDB |
| **v.** | : | |
| **NATBEYE KOUMBAIRIA,** | : | |
| **Defendant** | : | |

O R D E R

Upon consideration of the government's motion, and for good cause shown, it is hereby ORDERED that the government is permitted to impeach the defendant with evidence of his 2002 Maryland conviction for theft (concealment) if he should testify in his own defense at trial.

date: _____
John D. Bates
United States District Judge