IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| Vs. | : | Criminal No: 1:07-CR-61 (JDB) |
| | : | Motions: June 25, 2007 @ 2:00pm |
| NAIBEYE KOUMBAIRIA | : | Trial: September 5, 2007 @ 9:00am |
| | : | |
| Defendant(s). | : | |

### DEFENDANTS MOTION TO SUPPRESS STATEMENTS
### AND POINTS AND AUTHORITIES IN SUPPORT THEREOF

**COMES NOW**, Defendant, **Naibeye Koumbairia**, by and through John O. Iweanoge, II and THE IWEANOGES FIRM, P.C., his attorneys, respectfully request this Honorable Court to suppress as evidence against him, any and all statements, oral or written, he is alleged to have given State and Federal law enforcement officers during his illegal seizure/arrest on March 6, 2007.

As grounds for this motion, counsel states the following:

1. The government may attempt to introduce as evidence against Naibeye Koumbairia any statements if any he made to the State and Federal law enforcement officers. Counsel requests that any such statements be suppressed because they were obtained in violation of the requirements of Miranda vs. Arizona, *384* U.S. 436(1966).

2. To ensure that an accused is aware of his constitutional rights afforded under Miranda vs. Arizona requires that the police advise an accused of his rights prior to any interrogation. Once this knowledge is imparted to the accused he may make a voluntary and intelligent waiver of his rights. In determining whether the accused has made such a waiver, an objective standard is applied. The court must objectively assess all the factors and determine whether the waiver was valid. Kidd v. State of Maryland, 33 Md. App. 445,366, A.2d. 761

(1976). A confession made in police custody is inadmissible unless the record clearly slows that the entire Miranda warning was provided and that the Defendant knowingly and intelligently waived these rights. It is submitted that the government failed to meet its burden on the evidence before the court because it has not been clearly shown that Mr. Koumbairia knowingly and intelligently waived these rights and that these statements are therefore inadmissible. At any motions hearings the government carries the burden of proving by a preponderance of the evidence that any statement made by the Defendant was voluntary. Lego v. Twomev, 404 U.S. 477(1972). The test for voluntariness is whether the confession is the product of an essentially free and unconstrained choice by its maker. Colombe v. Connecticut, 367 U.S. 568(1961); Schneckloth v. Bustamonte, 412 U.S. 2 18(1973). The Supreme Court has noted that "a confession, in order to be admissible, must be free and voluntary, that is, not obtained by any direct or implied promises, however slight" U. Mfg. Co. v. United States, 371 U. 341 (1963). Promises of leniency or threats of additional prosecution made by the police constitute psychological coercion that resulting statements are involuntary. United States v. Rlocker, 354 F. SUPP. 1201; Matter of D.C., 486 A. 2d. 1180(1985). The government will be unable to prove by a preponderance of the evidence that the statements of Mr. Koumbairia were voluntary and the statements must therefore be held to be inadmissible and therefore should be suppressed.

   3. The burden of proof is on the government to show that any statements made following an arrest or detention are free of the taint of the prior illegality. Brown v. Illinois, 422 U.S. 590(1975). The Brown court held that a statement made by a defendant less than two hours after his illegal arrest should have been suppressed, even though the statement was preceded by Miranda warnings. In Dunawav v. New York, 442 U.S. 200(1979), the Defendant was unlawfully arrested, and questioned after Miranda warnings. The Defendant made statements at

the time and made statements and drew sketches of the crime scene the next day. These items of evidence were suppressed despite the presence of Miranda warnings because the initial arrest was illegal. It is submitted that for all the foregoing reasons the statements of Mr. Koumbairia should be suppressed and held inadmissible.

4.   For such other and further relief as the nature of defendants cause requires in the interest of justice.

5.   Defendant requests a hearing on this motion.

**WHEREFORE**, for the foregoing reasons, defendant through counsel respectfully requests that the statements of Mr. Koumbairia be suppressed in any criminal proceedings against him.

                        Respectfully submitted,

                        Naibeye Koumbairia
                        Defendant by Counsel

THE IWEANOGES FIRM, P.C.

By: _____
    John O. Iweanoge, II (DCB# 439913)
    Iweanoge Law Center
    1026 Monroe Street, NE
    Washington, DC 20017
    Phone:  (202) 347-7026
    Fax:    (202) 347-7108
    Email:  joi@iweanogesfirm.com
    Attorneys for Defendant

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this _____ day of _____, 2007, I caused to serve a copy of the foregoing documents:

**DEFENDANTS MOTION TO SUPRESS STATEMENTS AND POINTS AND AUTHORITIES IN SUPPPORT THEREOF**

\_\_\_\_ by placing a true copy thereof in a sealed envelope, with postage prepaid, and causing same to be mailed by first class mail to the person at the address below;

\_\_\_\_ by causing to be personally delivered a true copy thereof to the person at the address set forth below;

\_\_\_\_ by FEDERAL EXPRESS/EXPRESS MAIL to the person at the address set forth   below;

\_\_\_\_ by telefaxing with acknowledgement of receipt to the person at the address set forth below;

\_\_\_\_ by ECF/e-mail with acknowledgement of receipt forth below:

Debra Long-Doyle, AUSA
U.S. Attorneys Office
for the District of Columbia
555 4th Street, NW
Washington, DC 20530

Dated: _____ day of _____, 2007.   _____
                              Of Counsel to Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| Vs. | : | **Criminal No: 1:07-CR-71 (JDB)** |
| | : | **Motions: June 25, 2007 @ 2:00pm** |
| **NAIBEYE KOUMBAIRIA** | : | **Trial: September 5, 2007 @ 9:00am** |
| | : | |
| **Defendant(s).** | : | |

### ORDER

**Upon consideration** of Defendant's Motion to Suppress Statements and Points and Authorities in Support thereof and United States opposition thereto, it is thereupon this _____ day of _____, 2007.

**ORDERED**, that the Defendant's Motion to Suppress Statements and Points and Authorities in Support Thereof is **GRANTED**, and it is

**FURTHER ORDERED**, that_____

**SO ORDERED**.

                                                                    John D. Bates
                                                                      Judge

Entered: _____ day of _____, 2007.

Copies sent to:

John O. Iweanoge, II
IWEANOGE LAW CENTER
1026 Monroe Street, NE
Washington, DC 20017

Debra Long-Doyle, AUSA
United States Attorney's Office
For the District of Columbia
555 4th Street, NW
Washington, DC 20530