IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| Vs. | : | Criminal No: 1:07-CR-61 (JDB) |
| | : | Motions: June 25, 2007 @ 2:00pm |
| | : | Trial: September 5, 2007 @ 9:00am |
| NAIBEYE KOUMBAIRIA | : | |
| | : | |
| Defendant(s). | : | |
| ..................................................... | : | |

**DEFENDANTS MOTION TO SUPRESS TANGIBLE EVIDENCE
AND POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**COMES NOW**, Defendant, **Naibeye Koumbairia**, by and through John O. Iweanoge, II and THE IWEANOGES FIRM, P.C., his attorneys and respectfully moves this Honorable Court pursuant to Rules 12(f) and 41(f), Federal R. Crim. P., to suppress the fruits of the execution of a search of the premises known as 5125 8th Street, NW, Washington, DC on March 6, 2007:

**STATEMENT OF FACTS**

1. That on March 6, 2007, at approximately 8:00am, agents of the U.S. Secret Service ("USSS") and Metropolitan Police Department's Metro Area Secret Service Task Force executed a warrant and conducted a search of the premises known as 5125 8th Street, NW, Washington, DC. The search of the premises was conducted without showing a warrant before search.

2. In effecting their search, USSS agents knocked on the door of 5125 8th Street, NW in a loud and distinct manner. Ms. Smith/Mr. Koumbairia who were sleeping woke up and looked out the window to see who it was and said she was coming and will be right there, then started going down the stairs to open the door. The agents stated in a loud voice to open the door. Prior to Ms. Smith opening the door, the agents failed to identify themselves, their authority or their purpose.

3. Upon forcing the door open, Ms. Smith was ordered to lie on the floor. At no time was Ms. Smith/Mr. Koumbairia shown a search warrant. The search lasted approximately over an hour, and at no time during the search did the USSS provide a search warrant, albeit, Ms. Smith/Mr. Koumbairia kept asking for it.

4. Upon completion of the search, the agents took Mr. Koumbairia into custody, and charged him with various offenses.

5. Mr. Koumbairia seeks to suppress all evidence seized during the course of this illegal search, including but not limited to .45 caliber ACP High Point Handgun with ammunition which the government will seek to introduce as evidence in this case.

## ARGUMENT

A.  **KNOCK AND ANNOUNCE VIOLATION**

Pursuant to 18 U.S.C. 3109, a government agent seeking to execute a search warrant of a house, must give notice of his/her authority and purpose before forcing entry into a house. 18 U.S.C. 3109 states:

> *The officer may break open any out or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself of a person aiding him in the execution of the warrant.*

In determining whether these conditions were satisfied, the Court must apply a "highly" contextual analysis, examining all the circumstances of the case, to determine whether the record establishes the existence of a constructive refusal" to enter. *United States v. Bonner*, 874 F(2) d

822, 824 (D.C. Cir. 1989); see also *Richards v. Wisconsin* 520 U.S. 585 (1997) (rejecting blanket exception to knock and announce requirement in drug cases).

Government agents cannot abrogate their obligations under 18 U.S.C. § 3109 or the Fourth Amendment by using surreptitious means to gain entry into a house. Ms. Smith/Mr. Koumbairia answered the knock and looked out of the window and said she was coming. She asked who was at the door and the agent responded by commanding her to open the door. By responding in this nature, the officers did not advise Ms. Dyson of their identity or purpose as required. One of the purposes of "knocking and announcing" is to advise the occupant of the purpose and authority of the officers so as to gain peaceful entry into the premises. Many people will not open the door if the officer just announced police, but will open the door if told their identity and that they have a warrant. *United States v. Leitchmon*, 9483 2d. 370 (7th Cir. 1991).

The fourth amendment requirements of knock and announce goes to the defendants expectation of privacy, which is violated by the agents failure to identify their purpose and authority. *Miller v. United States*, 375 U.S. 301 (1958) *United States v. Drummond*, 958 F. Supp. 44 (D.D. C 2000).

On the basis of the agents failure to "knock and announce", the tangible evidence seized from 5125 8th Street, NW, Washington, DC must be suppressed.

**B.    ENTRY ONTO THE PREMISES WITHOUT THE SEARCH WARRANT REQUIRES SUPPRESSION OF ANY EVIDENCE SEIZED THEREAFTER**

From the Governments discovery and investigation, the agent entered 5125 8th Street, NW without showing the search warrant, F.R. Cr. P 41 (d) requires agents of the government to present the owner/occupant of the premises to be searched with a complete copy of the warrant at the outset of the search of the premises. The warrant was not produced until hours later after the search had occurred and she was being processed following the arrest.

This is violation of Rule 41(d) and requires suppression of all tangible evidences seized from 5125 8th Street, NW. _United States v. Gantt_, 194 F. 3d 1978 (9th Cir. 1999). There were no exigent circumstances which required a search of 5125 8th Street, NW without presenting a warrant before the search. An essential function of the warrant is to" assure the individual whose property is being searched and seized of the lawful authority of the executing officer, his need to search and the limits of his power to search" _United States v. Chadwick_. 433 U.S 1, 9 (1977).

Entry was made into 5125 8th Street, NW without presenting a warrant before the search. Upon entry the agents immediately commenced a search which lasted over one hour. The seizure of Ms. Smith/Mr. Koumbairia and ensuing search was unreasonable; since no restraints or limitations were placed on their police powers. _Illinois V. McArthur,_ 531 U.S. 326(2001).

The agents deliberately disregarded the requirements of Rule 41 (d) and as such mandates that the evidence seized must be suppressed.

## CONCLUSION

**WHEREFORE**, for the reason stated above defendant, through counsel requests a hearing and that this motion be granted.

Respectfully Submitted,

Naibeye Koumbairia
Defendant by Counsel


THE IWEANOGES FIRM, P.C.

By:   /s/JohnIweanoge/s/
   John O. Iweanoge, II (DCB# 439913)
   IWEANOGE LAW CENTER
   1026 Monroe Street, NE
   Washington, DC 20017
   Phone:  (202) 347-7026
   Fax:    (202) 347-7108
   Email:  joi@iweanogesfirm.com
   Attorneys for Defendant

Case 1:07-cr-00061-JDB    Document 21    Filed 05/17/2007    Page 5 of 7

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on \_\_\_\_17_____ day of \_\_May_____, 2007,

I caused to serve a copy of the foregoing documents:

**MOTION TO SUPRESS TANGIBLE EVIDENCE AND
POINTS AND AUTHORITIES IN SUPPPORT THEREOF**

\_\_\_\_by placing a true copy thereof in a sealed envelope, with postage prepaid, and causing same to be mailed by first class mail to the person at the address below;

\_\_\_\_by causing to be personally delivered a true copy thereof to the person at the address set forth below;

\_\_\_\_by FEDERAL EXPRESS/EXPRESS MAIL to the person at the address set forth below;

\_\_\_\_by telefaxing with acknowledgement of receipt to the person at the address set forth below:

\_\_\_\_by e-mail with acknowledgement of receipt forth below:


Debra Long-Doyle, AUSA
United States Attorneys Office
for the District of Columbia
555 4th Street, NW
Washington, DC 20530



Dated: \_\_\_17\_\_\_day of \_\_May\_\_\_\_\_, 2007.  _____
                     Of Counsel to Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| Vs. | : | **Criminal No: 1:07-CR-71 (JDB)** |
| | : | **Motions: June 25, 2007 @ 2:00pm** |
| **NAIBEYE KOUMBAIRIA** | : | **Trial: September 5, 2007 @ 9:00am** |
| | : | |
| **Defendant(s)** | : | |

### ORDER

**Upon consideration** of Defendant's Motions to Suppress Tangible Evidence and Points and Authorities in support thereof, and United States opposition thereto it is thereupon this _____ day of _____, 2007.

**ORDERED**, that the Defendant Motions to suppress tangible evidence and points and authorities in support is **GRANTED**, and it is

**FURTHER ORDERED**, that_____

_____

**SO ORDERED**.

                                                                        John D. Bates
                                                                          Judge

Entered: _____ day of _____, 2007.

Copies sent to:

John O. Iweanoge, II
IWEANOGE LAW CENTER
1026 Monroe Street, NE
Washington, DC 20017

Debra Long-Doyle, AUSA
United States Attorneys Office
for the District of Columbia
555 4th Street, NW
Washington, DC 20530