**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| Vs. | : | Criminal No: 1:07-CR-61 (JDB) |
| | : | Motions: June 25, 2007 @ 2:00pm |
| **NAIBEYE KOUMBAIRIA** | : | Trial: September 5, 2007 @ 9:00am |
| Defendant(s) | : | |
| ……………………………………………… | : | |

**DEFENDANT'S MOTION AND INCORPORATED**
**MEMORANDUM OF LAW TO SUPPRESS EVIDENCE OBTAINED BY**
**SEARCH WARRANT FOR 5125 8TH STREET, NW, WASHINGTON, DC**

**COMES NOW**, Defendant, **Naibeye Koumbairia**, by and through John O. Iweanoge, II and THE IWEANOGES FIRM, P.C., his attorneys, respectfully moves this honorable Court for the entry of an Order suppressing any and all evidence resulting from execution of a search warrant for 5125 8th Street, NW, Washington, DC and in support thereof respectfully states as follows:

A.  **The Search Warrant for 5125 8th Street, NW, Washington, DC**

1.  **The Affiant's Training**

The affidavit in support of the search warrant for 5125 8th Street, NW, Washington, DC begins by identifying the affiant and his "training". At the time of the preparation of the affidavit in the instant matter the affiant had been employed by the U.S. Secret Service (USSS) for two years, but much of the affiant's experience is four years as a D.C. Police Patrol Officer. The affiant relates that his current assignment is Special Agent with USSS, but provides no information as how long he has been so assigned to Financial Crimes Investigation. While affiant reports he has received training and instruction regarding financial crimes, the details of the training remain undisclosed. Indeed, affidavit does not disclose whether all of the affiant's training has occurred during the course of this very investigation.

2.  **The "Stock" Allegations Regarding "Bank Fraud"**

Paragraph 3 and 4 of the affidavit attempt to paint a picture of the generic" Bank Fraud". Without any relationship or reference to the instant investigation, these paragraphs describe how fraud against financial institutions allegedly "routinely" or generally" or commonly happen. For purposes of this affidavit, among the things that persons commonly do is store their records, counterfeit checks in their residences. The affiant sets forth his opinion that "persons" maintain documents and other forms of evidence, and that these materials are "generally maintained" in the persons residence. In the remaining sub-sections of this paragraph and paragraph 4, the affiant notes that this same array of locations may be used to store books, personal papers; identification data; computer records; cash or property with illegal proceeds of criminal activity. The remaining sub-sections of paragraph 4 discuss the use of computer equipment and storage device and nothing about guns, bulletproof vests or ammunitions.

3.      **References to the Accused in the Affidavit in support of the Search.**

The evidence relating to Naibeye Koumbairia is summarized beginning on paragraph 5 thru 11 of the search warrant affidavit. The allegations included within the affidavit can be divided into two categories: Confidential Informant, and the "nexus" to Mr. Koumbairia's residence.

 A.      **Confidential Informant**

The summary of confidential source reported in the affidavit includes the following in paragraphs 6-8. The source has been determined to be reliable by providing information relating to Koumbairia. Much of the source's intelligence has information accessible on Google. An ongoing USSS Task Force investigation in the Washington, DC area, has relied on this uncorroborated information to identify Koumbairia's vehicle and arrest for marijuana possession and being of African descent. There is no allegation that he has provided any information that was relied on in arresting any person in the past nor relating to the presence of gun.

**B.    Nexus to Mr. Koumbairia's Residence**

The affidavit summarizes the "nexus" between the evidence of criminal activity and the residence to be searched as follows on paragraph 12 thru 14 of the affidavit.

**5125 8th Street, NW, Washington, DC**

On May 15, 2006, Koumbairia was arrested by MPD for marijuana possession and that was his home address. His driver's license and automobile registration bear the same address and on February 28, 2007, he was seen entering the residence.

Therefore, your affiant respectfully requests that a search of the residence in NW, Washington, D.C., for the seizure of evidence, which includes but not limited to computer records, checks, cash, software, identification data, said items constitute fruits, evidence and instrumentalities used to commit Bank Fraud. There was no mention of a gun to be at this location.

## MEMORANDUM OF LAW

A.    <u>Nexus</u>

In the instant case, the affidavit in support of the search warrant is devoid of any reference that would make it probable that the instrumentalities or evidence of any crimes would be at the targeted premises especially a gun. Instead, the affidavit relies on the bare conclusions of the affiant that, since Mr. Koumbairia is alleged to be involved in the Bank Fraud, there must be evidence of that crime in any places he stays. This logic however, is insufficient to support a probable cause finding in that it does not establish the necessary nexus between the items sought and the places to be searched.

Unlike an arrest warrant, which requires probable cause to believe that a person has committed a crime, the Fourth Amendment indicates that before a search warrant may issue there must be probable cause to believe that a legitimate object of a search will be found at a particular

place. <u>Steagald v. United States</u>, 101 S. Ct 1642, 1648(1981). As stated in <u>United States v. Lalor</u>, 996 F. 2d 1578(4th Cir. 1993):

> *In determining whether a search warrant is supported by probable*
> *Cause, the crucial element is not whether the target of the search*
> *is suspected of a crime, but whether it is reasonable to believe that*
> *the items to seized will be found in the place to be searched.*

<u>Id.</u> at 1582, <u>citing</u> <u>Zurcher v. Stanford Daily</u>, 436 U.S. 547, 556 & n.6(1978)

In <u>United States v. Gomez</u>, 652 F. Supp. 461(E.D.N.Y.1987), a warrant was issued for the search of the defendant's residence based almost solely on the fact that the defendant was a suspected drug dealer. The court, although recognizing that there was sufficient evidence to suspect that a co-defendant was keeping evidence of illegal activity in her home, found that this was not sufficient to support probable cause as to this defendant's residence:

> *While [evidence that the co-defendant were in contact with each*
>
> *Other] indicates that [the defendant] was involved in drug deals with*
>
> *Newbold, it does not give reason to believe that she too would keep*
>
> *records or those records, if they existed, would be found in her apartment.*

<u>Id.</u> at 462. The court continued addressing the affiant's" expert opinion" concerning the practices of narcotic traffickers:

> *Finally, the affiant proffered his expert opinion that narcotics traffickers*
>
> <u>*often*</u> *keep records in their residences. While the magistrate is certainly*
>
> *entitled to consider and credit this specialized knowledge, it does not alone*
>
> *provide probable cause to search.* <u>*Indeed, where as here, there is nothing to*</u>
>
> <u>*connect the illegal activities with the arrested person's apartment, to issues*</u>
>
> <u>*a warrant based solely the agent's expert opinion would be to license virtually*</u>
>
> <u>*automatic searches of residences of persons arrested for narcotics offenses.*</u>

> *This would effectively eviscerate the fourth amendment's requirement that there be probable cause to believe "that contraband or evidence of a crime will be found in a particular place"*

Id. at 463 (citations omitted) (emphasis added). See also *United States v. Beneveto*, 836 F. 2d 60(2d. Cir. 1987)(expert opinion alone concerning the habits of drug dealers is not enough to establish a link between a defendant's home and his criminal activity).

In *United States v. Corral*, 702 F. Supp 1539 (D. Wyo. 1988), the defendant was stopped in his car and consented to a search. This search yielded a small quantity of drugs and a large quantity of money. Believing the items found to be indicative of a larger drug conspiracy, the police obtained a warrant to search the defendant's house. The court found that the warrant had been improperly issues and held that absent and" individual tie" to the defendant's residence, there was no probable cause to believe evidence of illegality would be found at the residence. As explained in Corral, the affiant cannot merely offer a "hunch that [contraband] may have been on the premises…" a magistrate must have a substantial basis to believe that probable cause existed." Id. at 1547- 48. See *Illinois v. Gates*, 462 U.S. 213, 239(1983).

In the instant case there was absolutely no showing of any nexus between the alleged offenses and the location to be searched. To the contrary there was no extensive surveillance conducted by the government that demonstrates that any illegal activity took place on the premises in question – at no point did anyone ever see either Mr. Koumbairia take any contraband either into or out of the residence. According to the affiant's own allegations, it was at least equally likely that the evidence can be recovered in any residence occupied by an individual involved in the creation of counterfeit checks. As noted in the cases cited above, under the government's apparent interpretation of the Fourth Amendment, every member of a perpetrator's family, every friend, every associate, and every business partner is subject to a

search of his or her residence or business merely because of his or her association with an alleged perpetrator of bank fraud.

**B.     Lack of Probable Cause relating to Mr. Koumbairia**

Taking the allegations in the affidavit in the light most favorable to the government, there is no basis to conclude that Mr. Koumbairia's residence would contain bank fraud related contraband proceeds, or evidence. The affidavit sets forth only a cooperating witness allegations not involving the residence and not by a law enforcement agent before the execution of the search warrant, and there was no observation of Mr. Koumbairia involved in any illegal activity, and they certainly do not make it any more likely that contraband or other evidence especially guns, bullet proof vests, ammunitions would be in Mr. Koumbairia's residence months later.[3]

## CONCLUSION

**WHEREFORE**, based on the foregoing and any other reasons or evidence which is adduced at a hearing the defendant respectfully request that this court enter an order suppressing any and all evidence including but not limited to gun; ammunition obtained either directly or indirectly, from execution of the search warrant referenced in this motion.

Respectfully submitted,

Naibeye Koumbairia
Defendant by Counsel

THE IWEANOGES FIRM, P.C.

By:   /s/JohnIweanoge/s/
    John O. Iweanoge, II (DCB# 439913)
    IWEANOGE LAW CENTER
    1026 Monroe Street, NE
    Washington, D.C. 20017
    Phone:  (202) 347-7026
    Fax:     (202) 347-7108
    Email:  joi@iweanogesfirm.com
    Attorneys for Defendant

---

[3] The defense also believes that there are misrepresentations and omissions in the affidavit amounting to violations of Franks v. Delaware, 98 S. Ct 2674(1978).

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on 17th May 2007 a copy of the foregoing document was filed via electronic case filing system of the United States District Court for the District of Columbia and accordingly, the Court will notify the United States through the court's e-file system.

                                                                                            .      ___/s/JohnOIweanoge/s/_____
                                                                                                                John O. Iweanoge, II

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| Vs. | : | **Criminal No: 1:07-CR-61 (JDB)** |
| | : | **Motions: June 25, 2007 @ 2:00pm** |
| **NAIBEYE KOUMBAIRIA** | : | **Trial: September 5, 2007 @ 9:00am** |
| | : | |
| **Defendant(s)** | : | |

### ORDER

**Upon consideration** of Defendant's Motions and incorporated memorandum of law to suppress evidence obtained by search warrant, and United States opposition thereto it is thereupon this _____ day of _____, 2007.

**ORDERED**, that the Defendant Motions to Motions and incorporated memorandum of law to suppress evidence obtained by search warrant is **GRANTED**, and it is

**FURTHER ORDERED**, that_____

_____

**SO ORDERED**.

                                                                                                John D. Bates
                                                                                                   Judge

Entered: _____ day of _____, 2007.

Copies sent to:

John O. Iweanoge, II
IWEANOGE LAW CENTER
1026 Monroe Street, NE
Washington, DC 20017

Debra Long-Doyle, AUSA
United States Attorneys Office
for the District of Columbia
555 4th Street, NW
Washington, DC 20530