## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 07-061 (JDB)** |
| | : | |
| **V.** | : | |
| | : | |
| **NATBEYE KOUMBAIRIA,** | : | **MOTIONS HEARING: 6/25/07** |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

### GOVERNMENT'S CONSOLIDATED OPPOSITION TO DEFENDANT'S MOTION FOR DISCLOSURE OF CONFIDENTIAL INFORMANTS OR UNNAMED AND UNINDICTED COCONSPIRATORS AND MOTION TO SUPPRESS STATEMENTS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia respectfully opposes defendant's Motion for Disclosure of Confidential Informants or Unnamed and Unindicted Coconspirators and Motion to Suppress Statements. As reasons therefor, the government states the following:

### I.    FACTS

1.    A Grand Jury has returned an indictment charging the defendant with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, Section 922(g)(1). The gun and ammunition was recovered from a closet in defendant's residence located at 5125 8th Street, N.W., Washington, D.C. 20011-4021 on March 6, 2007, when special agents from the United States Secret Service ("USSS") executed an arrest and search warrant at that location in connection with a bank fraud investigation. The defendant, who has a prior felony conviction, was arrested for the possession of the firearm and ammunition. At the time of his arrest, he made no statements which the government will seek to use at trial. It was further determined that

the defendant shares his residence with three other persons: Joann Smith, the mother of his child, a 5 year old child the two have together and Smith's 14 year old child by another relationship.

2.     The search warrant was obtained during the course of a bank fraud conspiracy investigation which has been conducted by the USSS since February 2006. Based upon information provided by cooperating witnesses, the Secret Service Agents obtained a warrant for defendant's home in order to search for evidence of the ongoing Bank Fraud Conspiracy. In a previous notice, the government has informed the Court and the defense that it plans to introduce evidence of the Bank Fraud Conspiracy investigation for the limited purpose of explaining why the agents conducted the search at defendant's home. In support of that evidence, the government will introduce the testimony of a government cooperator who was a participant in the Bank Fraud Conspiracy. The cooperator will testify that in or about June of 2006, it was over the defendant's house where it saw the defendant with the distinctive gun in his possession. We anticipate that the cooperator will be able to testify that gun recovered from defendant's house on March 6, 2007, was that same gun defendant had in his possession in June of 2006, or that it looked just like that gun. The other cooperators who provided additional information leading to the issuance of the search warrant of defendant's residence will not testify at defendant's trial.

## Legal Analysis

3.     The defendant has filed a motion asking the Court for an order directing the government to furnish defense counsel with the names, address, and present location of any informants or unnamed coconspirators, paid or unpaid, of any government agency or unit, who supplied information or performed any role whatsoever which formed the background for, or resulted in the search/arrest warrant and indictment of the defendant. The defendant further seeks to have

2

the government disclose any and all details of the informant's cooperation, including any plea agreements, any criminal charges lodged or dismissed against the informant, any financial arrangements, any information relating to any informant whom the government does not intend to call at trial which tends to show any bias and/or prejudice of the informant, any inconsistent statements relating to this case or any material defect in perception, memory, veracity or articulation of any informant. The defendant basically makes a blanket assertion of his entitlement to such information, but fails to give any reason why he would be so entitled.

A.    **Defendant Is Not Entitled to Disclosure of Requested Information Regarding the Confidential Informants in this Case who will not Testify at Trial.**

4.    The Supreme Court has held that there is no Sixth Amendment violation of a defendant's rights of confrontation and cross-examination from the recognition of an informant's privilege. McCray v. Illinois, 386 U.S. 300, 313 (1967). Rather, the government enjoys a qualified though "time-honored privilege to withhold the identity of its informants from criminal defendants." United States v. Brodie, 871 F.2d 125, 128 (D.C. Cir. 1989).

5.    The defendant may obtain such identifying information only by demonstrating that trial testimony from the confidential informant may prove helpful and relevant to her, and that a balancing of the public interest in law enforcement and protecting the informant's identity with the defendant's right to prepare a defense would result in an unfair trial without disclosure. Roviaro v. United States, 353 U.S. 53, 62 (1957); United States v. Warren, 42 F.3d 647, 654 (D.C. Cir. 1994). The disclosure of an informant's identity is required only if the court determines that "the potential helpfulness of informant's testimony to the defendant warrants a conclusion that the defendant cannot be tried fairly absent disclosure." Brodie, 871 F.2d at 128.

6.      The District of Columbia Circuit Court of Appeals has "long adhered to the rule 'that Roviaro does not require disclosure of an informant who was not an actual participant in or a witness to the offense charged." Warren, 42 F.3d at 654 (quoting United States v. Skeens, 449 F.2d 1066, 1071 (D.C. Cir. 1971)).   In such a case, the defendant faces a heavy burden to establish that disclosure of the informant's identity is necessary and relevant to the defense. Warren, 42 F.3d at 654; Skeens, 449 F.2d at 1070.  Furthermore, merely conclusory or speculative pleadings will not suffice. Skeens, 449 F.2d. at 1071.

7.      Defendant has not demonstrated his need for the identity of informants who will not testify at trial.  This case is remarkably identical to Warren, where the court held that the disclosure of the identity of the confidential informant was not required.  As in Warren, the charges in this case arise out of a search warrant executed on the defendant's home; thus, as in Warren, the confidential informants were not participants in, nor witnesses to, the facts and events that led to the charges against the defendant.  There were two informants ( C-1 and C-2) discussed in the affidavit in support of a Search Warrant in this case and who supplied information in support of that warrant. In this case, the government does not plan to introduce evidence regarding C-1's statements or observations at trial, as they are irrelevant to the charges.  The very first event in the chronology on which the government will present evidence is the signing of the search warrant by a judicial officer; thus all prior events, including the information provided by C-1, are irrelevant.[1]  Other than the

---

[1] Nonetheless, for the reasons stated in the previously-filed "Government's Motion In Limine Seeking Admission of Intrinsic Evidence of the Crime Charged or in the Alternative to Seek its' Admission Pursuant to Federal Rule of Evidence 404(b)," the government will seek to introduce evidence of C-2's prior identification of the firearm. Disclosure of C-2's identity and information will be discussed below.

anticipated testimony by C-2, the defendant need only examine the evidence seized during the execution of the warrant to prepare his defense.

       **B.**    **Neither is the Defendant Entitled to Disclosure of Requested Information Regarding the Confidential Informant in this Case who will Testify at Trial.**

       8.      The privilege enunciated in <u>Roviaro</u>, <u>supra</u>, recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law enforcement officials and, by preserving their anonymity, encourages them to perform that obligation. <u>Id</u>. The Court also held, for the first time in its history, that a trial court had erred by refusing to order disclosure of an informant's identity. The defendant in <u>Roviaro</u> was charged with the illegal transportation and sale of narcotics to one "John Doe," a confidential police informant. <u>Id.</u> at 55. During the trial the informant's part in the charged transaction and his conversation with the defendant were described in detail by government witnesses. <u>Id.</u> at 55- 57. The evidence revealed that the informant was the sole participant, other than the defendant, in the crimes charged; that he had been present with the defendant throughout the commission of the alleged crimes; and that he "was the only witness in a position to amplify or contradict the testimony of government witnesses." <u>Id.</u> at 55, 64. Under these circumstances, the Court reasoned, the informant's "identity and testimony" were so "highly material" and "vital" to the defense, <u>id.</u> at 63, that disclosure was mandated by "the fundamental requirements of fairness," <u>id.</u> at 60. As a general matter, the Court held, motions seeking disclosure of an informant's identity must be resolved by "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." <u>Id.</u> at 62.

       9.      The instant case can be easily distinguished from the facts present in <u>Roviaro</u>. Here,

we have an individual who may be characterized as an "informant."  However, in the sole count of the indictment, this witness – that is C-2 – is by no means the only witness against the defendant who will testify at trial.  In this case, the government intends to call only one witness who can be characterized as an "informant," but this witnesses will be supplemented by law enforcement, civilian witnesses, and experts who were not participants in the charged conduct.  Accordingly, the defendants in this case will not be put in the position set forth in <u>Roviaro</u> where the only other participant in the crime was an undisclosed government informant.  For this reason alone, the defendants' motion lacks merit and should be denied.  *See* <u>United States v. Edelin</u>, 128 F. Supp. 2d at 33-34.

10.     The government further submits that there is nothing exculpatory about the prospective testimony of its informant or confidential employee, nor does the defendant allege that its prospective testimony will be exculpatory.  The government will, of course, supply defense counsel will all information, if any, relevant to cross examine the informant, consistent with its obligations under <u>Brady</u> and <u>Giglio</u>, at the appropriate time.

11.     It is the government's intention to present this informant as a witness at the trial in this matter and to reveal the informant's identity to the defendant prior to the trial date, consistent with our circuit's opinion in <u>United States v. Ferguson</u>.  498 F.2d 1001, 1004 (D.C. Cir. 1973).  The government submits that this procedure balances the public's interest in law enforcement's interest in protecting the informant's identity yet also permits the defendant to present an adequate defense at trial.

C.      **The Defendant Made no Statement which the Government will seek to Introduce at Trial.**

6

The defendant also filed a Motion to Suppress Statements.  However, the government knows of no statement made by the defendant which it intends to introduce at trial.

**WHEREFORE**, for the foregoing reasons, the defendant's motions should be denied.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

_____
Debra L. Long-Doyle
D.C. Bar No. 462518
Michael C. Liebman
D.C. Bar No. 479562
Assistant United States Attorneys
Federal Major Crimes
555 4th Street, N.W.
Washington, DC 20538
Phone: 202-305-0634
Debra.Long-Doyle@USDOJ.Gov

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 07-061 (JDB)** |
| | : | |
| | : | |
| **V.** | : | |
| | : | **MOTIONS HEARING: 6/25/07** |
| | : | |
| **NATBEYE KOUMBAIRIA,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## <u>ORDER</u>

After consideration of the Defendant's Motion for Disclosure of Confidential Informants or

Unnamed and Unindicted Coconspirators and Motion to Suppress Statements and the Government's

Consolidated Response Thereto, It is Hereby,

**ORDERED**, this _____ day of June, 2007, that the Defendant's Motions are **DENIED.**


_____
JOHN D. BATES
United States District Judge