**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Vs. ) | Criminal No: 1:07-CR-61 |
| ) | Motions: 6/25/07 |
| NAIBEYE KOUMBAIRIA ) | Trial: 9/5/07 |
| ) | |
| Defendant(s). ) | |
| _____) | |

**DEFENDANT'S MOTION FOR EXPEDITED**
**REVIEW AND MODIFICATION OF HIS BOND**

**COMES NOW**, Defendant, Naibeye Koumbairia, by and through, John O. Iweanoge, II, and THE IWEANOGES FIRM, P.C., his attorneys hereby moves this Honorable Court to modify his pretrial bond conditions because he is not a danger to the community and there are combinations of conditions that can assure his presence at future court dates. As grounds for this request, defendant through counsel avers the following in support:

1. That Mr. Koumbairia was arrested on March 6, 2007 and charged with possession of a firearm by a convicted felon pursuant to 18 U.S.C. § 922(g).

2. That the alleged firearm was located in a closet at the residence Mr. Koumbairia occupies with other adults during execution of a search warrant.

3. That following the Government's numerous attempts at pre-trial detention pursuant to 18 U.S.C. § 3142, the Court thereafter revoked Mr. Koumbairia's bond.

4. That the basis of revoking Mr. Koumbairia's release on High Intensive Supervision Program (hereinafter referred to as "HISP") is for violation of his release conditions including but not limited to positive drug test results and curfew violations.

5. That a review of the drug test results is one that is open to alternative theories of explanation as to the positive drug test results following pre-trial release. (See Exhibit 1).

6. That upon information and belief, based on the body of science available, one of the most fat soluble substances of abuse is THC and its metabolites very rapidly clear from blood to fat. While subsequent storage in fat accounts for an apparent 7 day half-life of detectable blood THC levels, this detection is actually due to the re-release from adipose stores. Accumulation in fat of chronic users results in longer re-release and detection than that following single use. THC has been detected in blood and urine up to two months following discontinued use, which is consistent with Mr. Koumbairia who was a heavy marijuana user prior to his arrest in this case. *See Dackis CA, Pottash ALC, Annitto W & Gold MS. Persistence of urinary marijuana levels after supervised abstinence. American J Psychiatry 1982 139: 1196-1198*.

7. That Dr. Deborah Norris, Neuro Toxicologist opined that the higher number on 4/24/07 could be spikes and not necessarily new use as pre-trial postulated.

8. That the pre-trial services report that denotes new use on some dates including 4/17/07 was not adopted by the testimony of Mr. Alan Petty, Forensic Toxicologist.

9. That the dates HISP alleges that Mr. Koumbairia was late according to their records are for 1 or 3 minutes and that is entirely inconsistent with disregard for a Court Order.

10. That of troubling nature is the pre-trial services report that claims Mr. Koumbairia left his home earlier than he was told on 4/12/07 at 9:45am instead of 10:00am which is contradicted by Ms. Mcoy's handwritten authorization on Mr. Koumbairia's work schedule for him to leave at 9:30am everyday that week including 4/12/07.

11. That of equally troubling nature is Ms. Mcoy's representation in open Court on 3/21/07 and pre-trial services report that the 3/20/07 test results was residual, but only to change it after realizing that defense expert witness, Dr. Norris relied on it for her testimony.

12. That the Government has now obtained through the back door what it sought and repeatedly could not get through the front door, that is, pre-trial detention.

13. That Mr. Koumbairia, assuming arguendo continued to test positive as a result of new use, the appropriate remedy would have been a drug treatment program considering he had been screened on 3/30/07 and was eligible for such benefit to treat his disease.

14. That continued incarceration of Mr. Koumbairia does not serve the ends of Justice especially since he can be placed in a drug treatment program even with his negative test result on 5/1/07 either under HISP or half-way house pending his trial in September 2007.

15. That Mr. Koumbairia's present incarceration at D.C. Jail has put his life in jeopardy because he has been accosted, and assaulted by a few inmates who have told others that he is a snitch, because he testified against them in a criminal case involving a shooting.

**WHEREFORE**, the defendant, Mr. Koumbairia, through his attorneys respectfully requests that his motion for bond review and modification be granted.

Respectfully submitted,

Naibeye Koumbairia
Defendant by Counsel


THE IWEANOGES FIRM, P.C.

By: ____/s/johnoiweanoge/s/_____
John O. Iweanoge, II (DCB# 439913)
IWEANOGE LAW CENTER
1026 Monroe Street, NE
Washington, DC 20017
Phone:  (202) 347-7026
Fax:     (202) 347-7108
Email:  joi@iweanogesfirm.com
Attorneys for Defendant

**REQUEST FOR HEARING**

The Defendant, Naibeye Koumbairia, through counsel respectfully requests an expedited hearing on this Defendants Motion for bond review and modification pending trial.

Dated: __8___ day of _June_____, 2007.   ____/s/johnoiweanoge/s/_____
                                                                    John O. Iweanoge, II


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was sent this _8th____ day of _June_____, 2007:

**DEFENDANT'S MOTION FOR EXPEDITED
REVIEW AND MODIFICATION OF HIS BOND**

__X__  by placing a true copy thereof in a sealed envelope, with postage prepaid, and causing same to be mailed by first class mail to the person at the address below;

____   by causing to be personally delivered a true copy thereof to the person at the address set forth below;

____   by FEDERAL EXPRESS/EXPRESS MAIL to the person at the address set forth below;

____   by telefaxing with acknowledgement of receipt to the person at the address set forth below;

____   by e-mail with acknowledgement of receipt to the person at the address set forth below;


Debra Long-Doyle, AUSA
United States Attorneys' Office
For the District of Columbia
555 4th Street, NW
Washington, DC 20530


Dated: __8__ day of __June_____, 2007.   ___/s/johnoiweanoge/s/_____
                                                                              John O. Iweanoge, II

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| Vs. | ) | Criminal No: 1:07-CR-61 |
| | ) | Motions: 6/25/07 |
| **NAIBEYE KOUMBAIRIA** | ) | Trial: 9/5/07 |
| | ) | |
| **Defendant(s).** | ) | |
| _____ | ) | |

### ORDER

**UPON CONSIDERATION** of Defendant's Motion for expedited review and modification of his bond, the United States opposition, if any thereto, it is hereby this _____ day of _____, 2007 by the United States District Court for D.C;

**ORDERED** that Defendant's Motion be and same is hereby **GRANTED** and it is,

**FURTHER ORDERED** _____

_____

**SO ORDERED.**

                                                                 _____
                                                                   John D. Bates
                                                                   U.S. District Judge

cc:    John O. Iweanoge, II
        THE IWEANOGES FIRM
        IWEANOGE LAW CENTER
        1026 Monroe Street, NE
        Washington, DC 20017

        Debra Long-Doyle, AUSA
        United States Attorneys' Office
        For the District of Columbia
        555 4th Street, NW
        Washington, DC 20530

# SCIENCE FOR HEALTH & ENERGY, INC.
## 5808 Johnson Avenue
## Bethesda, Maryland 20817
202-369-4111
Fax 301-530-2648
sheinc@gmail.com

DEBORAH NORRIS, PH.D.
PSYCHOPHARMACOLOGIST/
NEUROTOXICOLOGIST

MEMORANDUM

To: John Iweanoge, Esq.
Re: Naibeye Koumbairia
From: Deborah Norris, Ph.D., Psychopharmacologist
Date: June 8, 2007

I have reviewed the recent data regarding Mr. Koumbairia's drug test on May 1, 2007, at which time the report indicates a negative test for marijuana metabolites, at 17 ng/ml. Taken in context with the data from April 10, 17, 24 and May 1, there are two viable ways to interpret this data. In general there is a trend for decreasing quantities of marijuana metabolite, however there is a spike up on April 24, 2007. Such a spike could be indicative of new use, and indeed, new use could be indicated by the points on this date, at 103, 113. However, in my professional experience, I have also seen research in which such a spike occurs in people who are known not to be using marijuana. In these cases, metabolic factors, such as stress, exercise or sickness cause the release of residual marijuana metabolites stored primarily in the fat cells of the body. The release of such residual metabolites can then be detected in the urine. This is more common in frequent or long term marijuana users. Indeed, a similar type of spike occurred for Mr. Koumbairia's data on March 20, 2007, and was also noted in the record by the Pretrial Services Agency as "residual" use, indicating that Mr. Koumbairia does have a metabolic predisposition to release of residual marijuana metabolites.

DEFENDANT'S EXHIBIT 1

9-THCCOOH
from 3/13-4/17/07
ng/ml
250
200
150
100
50
0
1
2
3
4
5
6
7
8
Series1
Series2

