UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JUN 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA,

Plaintiff,

v.

NATBEYE E. KOUMBAIRIA,

Defendant.

Criminal No. 07-0061 (JDB)

## ORDER

At a hearing held on June 25, 2007, the Court denied [20] defendant's motion to compel the United States to disclose the identity of the confidential informant identified throughout these proceedings as "C2," who will be a witness at trial. Although not previously raised, defense counsel also made an ex parte proffer to the Court at that time to the effect that the defense believed another government informant, identified as "C1," could provide material, exculpatory information. Defense counsel identified who the defense believed C1 was, and sought an order compelling the government to turn over (or confirm) C1's identity, even though the government has not indicated that C1 will testify at the trial in this case.

The basis for defense counsel's proffer -- the good-faith belief that he and/or his client already knows the identity of C1 -- provides sufficient justification for the Court to deny the motion. Stated simply, if defendant knows (or has strong reason to believe) that a certain individual has what may be exculpatory information, then he may employ all of the means that the law places at his disposal, including subpoenas, to secure that individual's testimony at or in advance of trial. The attorneys representing the United States, moreover, are well aware of their

obligations under Brady v. Maryland, 373 U.S. 83 (1963), and related cases, and stated in open court their intent to provide to defendant any material, exculpatory information obtained from C1. But neither those cases nor any other authority brought to the Court's attention compels the United States to confirm or deny that the person who defendant believes is C1 actually is C1. Instead, defendant is free to pursue relevant evidence from any source, including the source proffered ex parte to the Court. Knowing whether that source also is C1 will not aid defendant in his quest for information that is relevant to this case. For these reasons, defendant's oral motion to compel disclosure of C1's identity is **DENIED**.

        /s/ John D. Bates
        JOHN D. BATES
        United States District Judge

Dated:    June 26, 2007