UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 07-61 (JDB) |
| | : | |
| NATBEYE KOUMBAIRIA, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully proposes that the following jury instructions be read to the jury in this case (all citations are to the *Criminal Jury Instructions for the District of Columbia,* 4th Edition and its Supplements (" Red Book"), unless otherwise noted):

**I.      Preliminary Instructions - Instructions Before and During Trial:**

1.02      Note Taking by Jurors (if applicable)

1.03      Preliminary Instruction Before Trial

- Read or Summarize the Indictment

- Read the Elements of the Offense.  See page.

1.04      Stipulation of Fact

1.05      Cautionary Instruction Prior to First Recess

1.07      Questions Not Evidence

1.08      Expert Testimony

1.10      Evaluation of Prior Inconsistent Statement of a Witness (if applicable)

1.11      Evaluation of Prior Consistent Statement of a Witness (if applicable)

1.13      Impeachment by Proof of Conviction of a Crime - Defendant (if applicable)

1.21        Preliminary Instruction to Jury Where Identity of Alternates is not Disclosed

1.22        A Juror's Recognition of a Witness or Other Party Connected to the Case

**II.        Final Jury Instructions**

2.01        Function of the Court

2.02        Function of the Jury

2.03        Jury's Recollection Controls

2.04        Evidence in Case - Stipulations

2.05        Statements of Counsel

2.06        Indictment Not Evidence

2.07        Inadmissible and Stricken Evidence (if applicable)

2.08        Burden of Proof - Presumption of Innocence

2.09        Reasonable Doubt **\***

**\* Government's Proposed Special Instruction on Reasonable Doubt**

The government requests that in place of Instruction 2.09 from the *Criminal Jury Instructions for the District of Columbia*, this Court give Instruction 21, Definition of Reasonable Doubt, from *Pattern Criminal Jury Instructions*, which was approved by this circuit in United States v. Taylor, 997 F.2d 1551, 1555-56 (D.C. Cir. 1993). The instruction is as follows:

As I have said many times, the government has the burden of proving the defendant guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. The government is not required to establish guilt beyond all doubt, or to a mathematical certainty or a scientific certainty. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty. (The government notes that this instruction has been used recently by District of Columbia U.S. District Court Judges Richard Roberts and James Robertson.)

2.10	Direct and Circumstantial Evidence

2.11	Credibility of Witnesses

2.13	Number of Witnesses

2.14	Nature of Charges Not to be Considered

<u>Evaluation of Testimony</u>

2.26	Police Officer's Testimony

2.27	Failure of Defendant to Testify (if applicable)

2.28	Defendant as Witness (if applicable)

2.29	False or Inconsistent Statement by Defendant (if applicable)

<u>Closing Remarks</u>

2.71	Election of Foreperson

2.72	Unanimity of Verdict

2.73	Exhibits During Deliberations

2.74    Possible Punishment Not Relevant

2.75    Communications Between Court and Jury During Deliberations

2.76    Furnishing the Jury with a Copy of the Instructions

2.77    Use of Verdict Forms – Note

Definitions of Proof

3.02    Proof of State of Mind

3.07    On or About

3.08    Possession

Definition of "Firearm"

  The term "firearm" means any weapon which will or is designed to or can readily be converted to expel a projectile by the action of an explosive.  See 18 U.S.C § 921(a)(3).

Elements of the Offense

4.79B    Possession of a Firearm and ammunition by a person Convicted of a crime by imprisonment for a term exceeding one year:

  The essential elements of the offense of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime punishable by imprisonment for a Term Exceeding One Year, each of which the government must prove beyond a reasonable doubt, are:

    1. That the defendant possessed a firearm, that is, a handgun;
    2. That the defendant did so knowingly; and
    3. That the firearm had been shipped or transported from one state to another (the District of Columbia is considered a state for this purpose); and
    4. That, at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

5.01    Defendant's Theory of the Case (If applicable)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | CRIMINAL NO. 07-61 (JDB) |
| | : | |
| **NATBEYE KOUMBAIRIA,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## VERDICT FORM

We the jury find the defendant **Natbeye Koumbairia**:

_____ Guilty              _____ Not Guilty

of unlawful possession of a firearm and/or ammunition by a person who has been convicted of a crime punishable by more than one year in prison on or about March 6, 2007.

_____          _____
DATE                                      FOREPERSON


Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar Number: 498610

By:    _____/s/_____
DEBRA L. LONG-DOYLE
D.C. Bar No. 362518
PRECIOUS MURCHISON
Maryland Bar
Federal Major Crimes Section
555 4th Street, N.W., 4th Floor
Washington, D.C. 20530
(202) 305-0634