IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Vs. ) | Criminal No: 07-061 (JDB) |
| ) | |
| NAIBEYE KOUMBAIRIA ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MOTION FOR CONTINUANCE IN THE**
**INTEREST OF JUSTICE AND JUDICIAL ECONOMY**

**COMES NOW**, Defendant, Naibeye Koumbairia, by and through, John O. Iweanoge, II, and THE IWEANOGES FIRM, P.C., his attorneys hereby pursuant to Fed.R.Crim.Proc. and Local Rules moves this Honorable Court for continuance in the interest of justice and judicial economy. As grounds for this request, defendant through counsel avers the following in support thereto:

1. That defendant's house was searched pursuant to a search/arrest warrant for allegations of bank fraud on March 5, 2007.

2. That subsequently, the Government charged defendant with possession of a handgun by a convicted felon on March 6, 2007.

3. That the bank fraud allegations that gave rise to the search warrant was dismissed pending further investigation on March 6, 2007.

4. That the defendant is presently set to go on trial on the felon in possession of a handgun on September 5, 2007

5. That pursuant to the Court's ruling at the motions hearing, the Government was allowed to call one of their cooperators in the bank fraud case as a witness in the gun case on September 5, 2007.

6. That prejudicial information about the bank fraud will be elicited that will severely prejudice the defendant, Mr. Koumbairia.

7. That upon information and belief, the defendant on February 20, 2007 through attorney Kathleen Dolan, Esquire filed a *Writ of Coram Nobis* challenging defendant's felony theft over $500.00 conviction which is the predicate felony in the Government's case herein. (See defendant's Exhibit A attached).

8. That upon information and belief, the defendant's *Writ of Coram Nobis* is presently set for a hearing on the merits before the Circuit Court for Montgomery County, Maryland on October 16, 2007.

9. That proceeding with the Government's case herein without waiting for a final adjudication on defendant's *Writ of Coram Nobis* which is the predicate felony will not serve the ends of Justice.

10. That if defendant's *Writ of Coram Nobis* which is based on sound constitutional principles is granted, his felony conviction is vacated and the Government can choose how to prosecute defendant at that point, instead of post-trial motions assuming there is a conviction, which is not judicially economical.

**WHEREFORE**, defendant, Naibeye Koumbairia, by and through his attorneys respectfully requests that this motion be GRANTED.

Respectfully submitted,

THE IWEANOGES FIRM, P.C.        Naibeye Koumbairia
                                Defendant by Counsel

By: ___*/s/JohnOIweanoge/s/*___
John O. Iweanoge, II (DCB# 439913)
IWEANOGE LAW CENTER
1026 Monroe Street, N.E.
Washington, DC 20017
Phone: (202) 347-7026
Fax:   (202) 347-7108
Email: joi@iweanogesfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was sent this __31___ day of __August___, 2007.

## MOTION FOR CONTINUANCE IN THE
## INTEREST OF JUSTICE AND JUDICIAL ECONOMY

____ by placing a true copy thereof in a sealed envelope, with postage prepaid, and causing same to be mailed by first class mail to the person at the address below;

____ by causing to be personally delivered a true copy thereof to the person at the address set forth below;

____ by FEDERAL EXPRESS/EXPRESS MAIL to the person at the address set forth below;

__X_ by telefaxing with acknowledgement of receipt to the person at the address set fortbelow:

__X__ by ECF/e-mail with acknowledgement of receipt to the person at the address set forth below:

Debra Long-Doyle, AUSA
U.S. Attorneys' Office
for the District of Columbia
555 4th Street, NW
Washington, DC 20530


Dated: __31_ day of __August_____, 2007.          ____/s/JohnOIweanoge/s/_____
                                                              John O. Iweanoge, II

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| Vs. ) | **Criminal No: 07-061 (JDB)** |
| ) | |
| **NAIBEYE KOUMBAIRIA** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

### ORDER

**UPON CONSIDERATION** of defendant's motion for continuance, and Government's opposition thereto, it is this _____ day of _____, 2007 by the United States District Court for the District of Columbia, hereby:

**ORDERED** that Defendant's Motion for Continuance is hereby **GRANTED, and it is**

**FURTHER ORDERED** _____

_____

**SO ORDERED.**

                                                                               _____
                                                                                John D. Bates
                                                                                U.S. District Judge

cc:    John O. Iweanoge, II
        THE IWEANOGES FIRM, P.C.
        IWEANOGE LAW CENTER
        1026 Monroe Street, N.E.
        Washington, DC 20017

        Debra Long-Doyle, AUSA
        U.S. Attorneys' Office
        for the District of Columbia
        555 4th Street, NW
        Washington, DC 20530

IN THE DISTRICT COURT OF MARYLAND FOR MONTGOMERY COUNTY

------X

NAIBE KOUMBAIRIA,
    Petitioner,

v.

STATE OF MARYLAND,
    Respondent.

------X

Case No. 0D00121821
Trial: 9/23/2002

Petition for Writ of Error Coram Nobis

## PETITION FOR WRIT OF ERROR CORAM NOBIS

Petitioner, Naiebe Koumbairia, by his attorney, Kathleen A. Dolan, petitions this Court pursuant to Md. Code Ann. Criminal Procedure §7-101 et seq. (2001 Ed., 2004 Suppl.) for the issuance of a Writ of Error *Coram Nobis* vacating his plea of guilty and all proceedings thereon in this Court as it was imposed in violation of the Constitution of the United States and the laws of the State of Maryland. In support of this request, Mr. Koumbairia respectfully states as follows:

### PROCEDURAL HISTORY

On September 23, 2002, Mr. Koumbairia was found guilty before this Court to one Count of Theft Over $500, a felony punishable by up to 5 years. This Court, after conducting the plea *voir dire*, rejected defendant's request for a probation before judgment, but sentenced Mr. Koumbairia to a period of supervised probation. In addition, restitution was to be made. Despite Mr. Koumbairia's understanding that at some point his attorney would move to have the sentence reconsidered and receive a PBJ, no such request was ever made and this very damaging record still follows Mr. Koumbairia.

KNEDY & DOLAN
SUITE 210
LEE PLAZA
COLESVILLE AVENUE
R SPRING, MD 20910
(301) 608-3000

DEFT./RESP.
EXHIBIT A
CASE#

Prior to this hearing, Mr. Koumbairia had received his "green card," and was a permanent resident alien with all of the fundamental rights of citizens of the United States.

However, Mr. Koumbairia was not properly informed of the rights that would be affected by his guilty plea -- rights which were allegedly protected by the plea inquiry undertaken in District Court. Unfortunately, no formal review of the proceedings is available in this matter -- as all district court records have been destroyed.

However, Mr. Koumbairia is prepared to testify at a hearing on this Petition that he was never told that his fundamental right to travel would be severely affected (nor, frankly, did anyone know at that time) were he to enter into such a guilty plea post-9/11. As a result, Mr. Koumbairia is now unable to travel to his home country, without the real probability of being arrested and detained without bond upon his arrival back in the United States. As a result of these violations and the ultimate prohibition on his fundamental right to travel, it is respectfully requested that Mr. Koumbairia's plea be vacated.

1. **This Court has jurisdiction to entertain this petition.**

Pursuant to §7-102(a)(1) of the Criminal Procedure of the Maryland Code, Mr. Koumbairia seeks this Court's post-conviction vacating of his "un"knowingly, involuntarily-entered plea because it was imposed in violation of the Constitution of the United States and the laws of this State and it affects a fundamental right of Mr. Koumbairia.

2

Mr. Koumbairia seeks to begin the proceeding under this as he seeks to set aside both the judgment and the sentence and the error has not been previously and finally litigated in this proceeding or any other proceeding, §7-102(b)(1)(2). In addition, as will be proved herein, petitioner respectfully is attacking the validity of the original judgment in this matter. Thus, review herein is appropriate. Curtis v. State, 37 Md.App. 459, 378 A.2d 157 (1977).

2. **Were the record available, it would reflect that Mr. Koumbairia's plea inquiry was insufficient and therefore his plea was accepted in violation of his due process rights and must be vacated.**

Mr. Koumbairia's guilty plea was not made understandingly and voluntarily under the requirements enunciated in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 2d 274 (1969), nor in accordance with the more specific Maryland case law. Metheny v. State, 359 Md. 576, 602 (2000); Lovell v. State, 347 Md. 623, 635 (1997).

Maryland Rule 4-242(c) provides in pertinent part:

> (c) Plea of guilty: The Court may accept a guilty plea only after it determines, upon an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, that (1) the defendant is pleading voluntarily, with the understanding of the nature of the charge and the consequences of the plea; and (2) there is a factual basis for the plea. In addition, before accepting the plea, the Court shall comply with section (e) of this rule.

Mr. Koumbairia was pleading guilty to a crime of moral turpitude, a theft charge that could affect him one way or the other for the

3

rest of his life.

Nothing was mentioned about this.

And nowhere does it reveal that Mr. Koumbairia was at all made aware of the "nature" of his this charge, as required by this Rule. Moreover, contrary to subsection (2) of this plea, the nowhere was there any mention of this Court finding that "there is a factual basis for the plea." This is in specific violation of the Rule, as required by subsection 2, supra.

Additionally, this rule respecting plea inquiries goes on to state at subsection (e):

> (e) Collateral consequences of Plea of Guilty. . . Before the Court accepts a plea of guilty, the Court, the State's Attorney, the attorney for the Defendant, or any combination thereof, shall advise the defendant (1) that by entering the plea if the defendant is not a United States Citizen, the defendant may face additional consequences of deportation, detention, or ineligibility for citizenship and (2) that the defendant should consult with defense counsel if the defendant is represented and needs additional information concerning the potential consequences of the plea. The omission of advice concerning the collateral consequences of the plea does not itself mandate that the plea be declared invalid. (emphasis added)

Changes in the federal immigration laws in 1996 resulting in drastic collateral consequences for non-citizens convicted of criminal offenses of even a minor nature. It was those results that prompted the 1999 addition of this subsection (e) to Rule 242, Skok v. Maryland, 361 Md. 52 (2000). Section (e) states that the failure to advise a non-citizen of the collateral consequences of a guilty plea does not "itself" mandate that the plea be

4

invalidated; however, that failure coupled with the previously-outlined due process omissions jointly warrant striking the guilty plea in this case. A review of the transcript, were it available, would reveal a paucity of constitutionally required inquiries and findings by the trial court.

3. **Despite the fact that Mr. Koumbairia could have ultimately received a probation before judgment had his lawyer followed through as promised, this guilty plea must be vacated.**

Even the potentially ameliorative action of a PBJ on the part of this Court does not vindicate the procedural failures of the original plea.

In what can only be compared to closing the barn door after the horses were let out, even the subsequent curative effect of any probation before judgment does not rectify the damage done during the original guilty plea. Frankly, in retrospect, the effect that any probation before judgment would have had on Mr. Koumbairia was to further lull him into believing that everything was fine, and life was back to normal.

Had Mr. Koumbairia attempted to travel without vacating the instant plea, he would be arrested upon his return to the United States. However, the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (hereinafter "the IIRAIRA") specifically defined "conviction" for immigration purposes. In enacting the IIRAIRA, Congress clearly intended to expand the definition of "conviction" for immigration purposes. The conference report[1] to the 1996 legislation states in relevant part:

---

[1] H.R. Conf. Rep. No. 104-828, at 224 (1996).

5

> This section [what is now 8 U.S.C. §101(a)(48)] deliberately broadens the scope of the definition of "conviction" beyond that adopted by the Board of Immigration Appeals in <u>Matter of Ozkok</u>, 19 I&N Dec. 546 ((BIA 1988). As the Board noted in <u>Ozkok</u>, there exist in various States a myriad of provisions for ameliorating the effects of a conviction. As a result, aliens who have clearly been guilty of criminal behavior and whom Congress intended to be considered "convicted" have escaped the immigration consequences normally attendant on the conviction. . . .In some States, adjudication may be "deferred" upon a finding or confession of guilty, and a final judgment of guilty may not be imposed if the alien violates probation until there is an additional proceeding regarding the alien's guilty or innocence. In such cases, the third prong of the <u>Ozkok</u> definition prevents the original finding or confession of guilty to be (sic) considered a "conviction for deportation purposes. <u>This new provision</u>, by removing the third prong of <u>Ozkok</u>, clarifies Congressional intent that even in cases where adjudication is "deferred," the original finding or confession of guilty is sufficient to establish a "conviction" for purposes of the immigration laws. (emphasis supplied)

8 U.S.C. §101(a)(48) provides that a conviction exists for immigration purposes in a case where adjudication has been withheld, when the following two are present: first, a judge or jury has found the alien guilty or the alien has entered a plea of guilty, or has admitted sufficient facts to warrant a finding of guilt; and the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty.

Even the Maryland Probation Before Judgment statute[2] is certainly one of the "myriad. . . provisions for ameliorating the

---

[2] Generally referred to as "probation before judgment" or "PBJ" Md. Code Ann. Crim.Proc. §6-220.

6

effects of a conviction" Congress intended to address when it enacted the IRAIRA, so that dispositions such as the one in this case sub judice would constitute a "conviction" for immigration purposes. Mr. Mehdi entered a guilty plea. However, no finding was made by the Court that there was a factual basis for the plea. This Court then went on to impose "some form of punishment, penalty or restraint" on Mr. Mehdi's liberty by placing him on supervised probation with conditions. Probation has been construed in the immigration law context to be a form of punishment or restraint on the defendant's liberty. Matter of Punu, I&N Dec 1998, 19 Immigr. Rep. B1-112 Interim Decision No. 3364, BIA 1998).

The transcript is clear that despite the requirements of Maryland Rule 4-242, the plea inquiry in this matter was woefully inadequate. There is absolutely no reference to what goes on in a jury trial, giving up right to appeal, whether counsel was helpful, his right to remain silent. The plea inquiry did not comply with this rule, and because of this, Mr. Mehdi's due process rights were violated.

4. **Under Maryland law, Mr. Koumbairia is entitled to the extraordinary coram nobis relief.**

"[O]ne is not entitled to challenge a criminal conviction by a coram nobis proceeding if another statutory or common law remedy is then available," Skok v. State, 361 Md. 52, 80 (2000).

Mr. Koumbairia has no other statutory or common law remedy available to him. The Maryland post Conviction Procedure

Act[3] applies only to a person convicted of a crime. Mr. Koumbairia has been convicted of a crime; and his attorney, though promised, did not take the necessary measure in time to have his record cleaned.

But under the requirements outlined in Skok v. State, supra, he is entitled to *coram nobis* relief herein sought. In its opinion, the Court of Appeals exhaustively outlined the parameters of the availability of *coram nobis* relief and the propriety of granting such relief. In its prodigy, State v. Hicks, 139 Md. App. 1, 773 A.2d 1056 (2001), the Court of Special Appeals succinctly summarized the five qualifying factors for *coram nobis* relief as follows:

> (a) [T]he grounds for challenging the criminal conviction must be of a constitutional, jurisdictional, or fundamental character;
>
> (b) [A] presumption of regularity attaches to the criminal case, and the burden of proof is on the *coram nobis* petitioner;
>
> (c) [T]he coram nobis petitioner must be suffering from or facing significant collateral consequences from the conviction;
>
> (d) Basic principles of waiver are applicable to issues raised in coram nobis proceedings; and
>
> (e) [O]ne is not entitled to challenge a criminal conviction by a coram nobis proceeding if another statutory or common law remedy is then available.

As indicated within this petition, Mr. Koumbairia meets the requirements of every prong defined herein. (a) He challenges

---

[3] Md.Code Ann. Criminal Procedure, Title 7.

8

the constitutionality of the due process surrounding the intelligent, knowing and voluntariness of his plea; (b) he meets the burden and proves within this petition that the request deserves the extraordinary relief provided by *coram nobis*; (c) Mr. Koumbairia is facing the very real possibility of mandatory detention and ultimate deportation because he did not knowingly plead to a crime of moral turpitude for which he understood the nature of the charge; (d) he submits to the waiver requirements; and (e) there is no other statutory or common law remedy available.

The grounds of Mr. Koumbairia's challenge to the acceptance of his guilty plea and its consequences are of a constitutional and fundamental character because they question the basic tenets of a guilty plea under the Rules and the constitution of this State. Mr. Koumbairia has never raised these issues prior -- whether a motion for new trial or prior motion to vacate. And finally, Mr. Mehdi has not waived any issues raised here since he has only now, as a consequence of his quest to freely travel into or out of this Country -- a fundamental right provided in the Constitution -- become aware of the significant -- and, indeed, draconian -- collateral consequences of his guilty plea, now obvious to him because of his alien status.

WHEREFORE, the reasons stated herein, Petitioner moves for the issuance of a **Writ of Error *Coram Nobis*,** vacating his guilty plea and all proceedings thereon in the District Court of Maryland for Montgomery County, Case No. 0D00121821

Respectfully submitted,

*/s/ Kathleen A. Dolan*

Kathleen A. Dolan
8601 Georgia Ave., Suite 910
Silver Spring, MD 20910
(301) 608-3000
Counsel for Mr. Koumbairia

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Petition for Write of Error Coram Nobis was mailed today, the 20 day of February 2007, to Assistant State's Attorney Alan Bennet, 50 Courthouse Square, Rockville, MD 20850 by depositing a copy in an envelope and mailing.

*/s/ Kathleen A. Dolan*

Kathleen A. Dolan

10

IN THE DISTRICT COURT OF MARYLAND FOR MONTGOMERY COUNTY

- - - - - - - - - - - - -X
NAIBE KOUMBARIA,
    Petitioner,

v.

STATE OF MARYLAND,
    Respondent.
- - - - - - - - - - - - -X

Case No. OD00121821
Trial: 9/23/2002

Petition for Writ of Error
Coram Nobis

ORDER

UPON CONSIDERATION of the Petition for Writ of Error Coram Nobis, any evidence and witnesses presented at the hearings of _____, any response thereto, and the entire record in this matter; and the Court being fully informed in the premises; it is by the Court this ____ day of _____ 2007, by this Circuit Court for Montgomery County, hereby

ORDERED, that the Petition for Writ of Error be and hereby is **GRANTED**, based on a violation of Petitioner's constitutional due process rights during a plea inquiry held on September 23, 2002, and it is

FURTHER ORDERED, that the conviction and sentence in OD00121821 be and the same hereby are **VACATED**; and the matter be set in for further proceedings as deemed appropriate by the Office of the State's Attorney under Case No. OD00121821.

                                              _____
                                              District Court Judge

Copies to:

Kathleen A. Dolan
8601 Georgia Ave., Suite 910
Silver Spring, MD 20910

Alan Bennett
Office of the State's Attorney
50 Courthouse Square
Rockville, MD 20850

2