IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** * | |
| * | |
| **v.** * | **Crim. No: 07-61(JDB)** |
| * | |
| **NAIBEYE KOUMBAIRIA** * | |
| **Defendant** * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL AND/OR NEW TRIAL
WITH INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

COMES NOW, the Defendant, Naibeye Koumbairia, by and through John O Iweanoge, II and THE IWEANOGES' FIRM, P.C. his attorneys, and pursuant to Federal Rules of Criminal Procedure Rules 29(c) and 33 respectfully requests this Honorable Court to enter judgment of acquittal for the Defendant and/or grant a new trial with respect to the sole count on the indictment that the jury returned a guilty verdict.

A trial judge confronted with a Rule 29 motion considers all of the evidence in light most favorable to the government and grants the motion when it appears to the court that the evidence is insufficient to sustain a conviction. In this case, the evidence does not support defendant's guilty verdict.

**A.   THE GOVERNMENT DID NOT PROVE THAT DEFENDANT KNOWINGLY AND UNLAWFULLY RECEIVED AND POSSESSED A FIREARM IN VIOLATION OF 18 U.S.C. § 922(g)(1)**

To obtain a conviction under 18 U.S.C. § 922(g)(1) requires proof of four essential elements beyond a reasonable doubt:

> (1) That the defendant possessed a firearm or ammunition, that is, a Hi-Point .45 caliber semi-automatic pistol or .45 caliber ammunition; (2) that the defendant did so knowingly; (3) that the firearm or ammunition had been shipped or transported from one state to another (the District of Columbia is considers a state for this purpose); and (4) that, at the time defendant possessed the firearm or ammunition, the defendant has been convicted of a

crime punishable by imprisonment for a term exceeding one year. The parties stipulated to the firearm and ammunition and the fact that the firearm and ammunition had been shipped or transported from one state to another.

In the case *sub judice*, the government has failed to prove two essential elements of the crime charged in two significant ways. First, the government did not present any credible evidence to show that Defendant knew that the firearm and ammunition was in the residence occupied by other residents. Based on the testimony adduced at trial, the only testimony regarding the existence of the firearm and ammunition in the residence was that of the informer and government witness. The informer testified that he had seen the firearm and ammunition in the residence on two occasions, which is inconsistent with the prosecutors written JENCKS note that the informer and government witness had seen the gun on three occasions, a 9mm handgun with black tape. Second, there was insufficient evidence that Defendant knowingly possessed, actually or constructively, a Hi-Point .45 caliber semi-automatic pistol and ammunition.

There was no testimony that the gun was located where it could be reasonably inferred that Defendant only had actual or constructive possession of the firearm and ammunition prior to or during the execution of the search warrant. The mere fact that the firearm was found in the residence defendant shared with other persons does not establish beyond a reasonable doubt that defendant had actual or constructive possession of the firearm and ammunition.

However, the testimony of the informer standing alone under the circumstance is illogical and at best self-serving in light of the fact that the affidavit in search of the search warrant does not list the firearm and ammunition even though the officers knew, based on the affidavit in support of the search warrant, that Defendant was a convicted felon.

Accordingly, the guilty verdict by the jury must be vacated and judgment of acquittal or

new trial granted in the interest of justice.

> B. **THE COURT ERRED IN FAILING TO PERMIT THE DEFENDANT TO INTRODUCE PROSECUTORS JENCKS NOTE AND/OR ALLOW DEFENDANT TO IMPEACH COOPERATING WITNESS WITH HIS PRIOR INCONSISTENT STATEMENT**

A witness may be impeached with any kind of prior statement, oral or written, sworn or unsworn. See Jankins v. TDC Management Corp., 21 F.3d 436, 442 (D.C. Cir. 1994). Fed. R. Evid. 613 govern the impeachment of a witness by proof of prior inconsistent statement. A statement used for this type of impeachment must be the witness's own statement. United States v. Almonte, 956 F.2d 27, 29 (2d. Cir. 1992).

In the case *sub judice*, government's informer and witness, made statements to the prosecutor that he had seen the firearm in defendant's residence on three of the four occasions he visited the residence, which was, memorialized in the prosecutors JENCKS notes (See Exhibit 1 attached). According to the informer and government witness, the first time defendant went upstairs and brought the gun downstairs to show to them, second time he saw it briefly in defendants hand and third time, he saw the gun laying on the glass table in the basement. However, at trial the informer and governments witness testified he only saw the gun twice in defendant's residence. Additionally, the informer and government witness denied he said the firearm was a 9mm handgun and it had a black tape on it. (See Exhibit 1 attached).

Defendant's request to call the prosecutor as a witness was denied and further remedial request to have the prosecutors redacted JENCKS note to be introduced into evidence after she is examined outside the presence of the jury was denied by the Court. The Court did not permit Defendant to impeach the informer and government's witness on this prior inconsistent statement. The Court should have permitted Defendant to impeach the informer and government's witness with his earlier statement to the Prosecutor or by allowing the introduction of the Prosecutor's redacted JENCKS note, which is inconsistent with his

3

testimony at trial. It is undisputed that when a witness's prior inconsistent statement is offered for impeachment, it is being offered merely to show that the witness told a different story at a different time, which reflects on the witness' credibility. See, e.g., United States v. Tarantino, 846 F.2d 1384, 1416 (D.C. Cir. 1988) ("witnesses are not impeached by prior inconsistent statements of *other* witnesses, but by their *own* prior inconsistent statement" [emphasis in original]).

In sum, the fact that the informer and government's witness affirmatively testified at trial that he saw the gun only twice and that the gun was not a 9mm with a black tape, there is at least an exculpatory inference that something did not take place as alleged and impeachment should have been allowed. See e.g., United States v. Long Soldier, 562 F.2d 601 (8th Cir. 1977).

In light of the foregoing, defendant's guilty verdict should be vacated and a new trial granted in the interest of justice.

### C.    THE COURT ERRED IN DENYING DEFENDANT'S REQUEST FOR INFORMER'S INSTRUCTION

In the instant case, defendant requested proposed jury instruction MFJI 7-14 Government Informers but the Court improperly refused to charge the jury with the instruction stating that the confidential informant was not an informant but a cooperating witness. The Court instead gave Instruction 2.22A Witness with a Plea Agreeement.

Furthermore, a Court's refusal to give an instruction requested by a defendant is reversible error if the instruction: "(1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." United States v. Lewis, 53 F.3d 29, 32 (4th Cir. 1995). It is undisputed that

4

Defendant's proposed instruction was correct and dealt with some point in the trial that was important to the defense. Most importantly that the informant may have something to gain.

The government in virtually all its pleading referred to the witness as an informant and he was also the person that informed the government of Defendant's felony conviction and possession of firearm. The failure of the Court to give the instruction deprived the jury of the knowledge that informer's testimony should be examined with greater scrutiny and to determined whether the benefits received from the government motivated him to testify falsely, as is evident from the discrepancy in the number of times he alleged to have seen the firearm; the make of the gun; the tape on the gun.

The Court should vacate the guilty verdict and order a new trial based on the error and the prejudicial effect of the failure to give the informer instruction in the interest of justice.

### D.  THE COURT SHOULD VACATE THE GUILTY VERDICT AND GRANT A NEW TRIAL BASED ON THE FAILURE TO GIVE THE ANTI-DEADLOCK CHARGE

The guilty verdict should be vacated based on the prejudicial and coercive statement of the Court to the jury when the jury advised the Court that they were unable to reach a unanimous verdict. The trial, that is, opening statement, trial testimony and closing argument in this case lasted for about five (5) hours and thirty (30) minutes and the jury deliberated for about four (4) hours before advising the Court that they were unable to reach a unanimous verdict on the sole charge in the indictment.

The Court denied defendant's requested for a mistrial. Defendant requested that the anti-deadlock instruction should be given to the jury which was also denied by the Court. The Court advised the jury to go back and continue deliberating. The jury returned a guilty verdict.

Defendant contends that the Court's statement in response to the jury note implied that a verdict must be reached. See e.g. Jenkins v. United States, 380 U.S. 445, 446 (1965)(judge's

statement, in response to jury note received after two hours of deliberations, that "You have got to reach a decision in this case" held coercive). The prejudicial and coercive effect of the Court's instruction is apparent based on the fact that less than one hour after the directive, the jury reached a unanimous verdict, after saying they were unable to do so.

Defendant requested the anti-deadlock instruction because it was clear from the jury note that a unanimous verdict could not be reached and to avoid the jury from believing that a verdict must be reached even if it means surrendering their honest conviction or violence to individual judgment. The anti-deadlock instruction would have been the appropriate instruction instead of the coercive instruction to continue deliberating by the Court. See O'Malley, Grenig & Lee §20.01; D..C. Redbook Instruction 2.91.

## CONCLUSION

WHEREFORE, the defendant through counsel respectfully requests this Honorable Court to grant defendants motion based on the foregoing and other reasons that may appear to the Court at a hearing on this motion for judgment of acquittal and/or new trial.

                Respectfully submitted,
                **THE IWEANOGES' FIRM P.C.**

By:_____
        John O. Iweanoge, II
        **IWEANOGE LAW CENTER**
        1026 Monroe Street, NE
        Washington, DC 20017-1760
        Phone: (202) 347 – 7026
        Fax: (202) 347 – 7108
        Email: joi@iweanogesfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 9th October 2007 a copy of the foregoing document was filed via electronic case filing system of the United States District Court for the District of Columbia and accordingly, the Court will notify the United States through the court's e-file system.

.        ___/s/JohnOIweanoge/s/_____
             John O. Iweanoge, II

**IN THE UNITED STATED DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **Crim. No: 07-61(JDB)** |
| | * | |
| **NAIBEYE KOUMBAIRIA** | * | |
| **Defendant** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**<u>ORDER</u>**

UPON CONSIDERATION of the Defendant's Motion for Judgment of Acquittal and/or for New trial and the governments opposition filed thereto, it is this ____day of _____2007, by the U.S. District Court for the District of Columbia,

ORDERED that for good cause shown, Defendant's motion is hereby **GRANTED**, and it is,

FURTHER ORDERED_____

_____

_____

Dated: ___day of _____2007        _____
                                                John D. Bates
                                                U.S. District Judge

Sutton

QS: Fired in June or July
→ QS asked if △ had gun, 1st time he went upstairs & got it. 21320 8769
→ 9mm high pt. tape on it. red dot blk elect tape on handle & didn't look like it work b/c beat-up.

→ basement: brought gun down; showed it friends in basement; 3 guys in basement smoking weed, drinking beer; big screen on either went to pick up to give a check or to get $ from △

World Cup on tv when △ said

→ took gun back upstairs
→ saw gun 2d time in hand briefly.
→ saw gun laying on glass table in basement the 3rd time
△ sitting on couch smoking 2d time, drinking
→ everything in basement, bathroom etc. weed etc.

friends speakers another lang.

→ 4 times @ house
→ saw her twice, talked to once.

she was upstairs

— QS didn't want to hold → bodies
→ guys weren't paying no attention
→ QS doesn't drink or smoke

Miss Murchison

DEFENDANT'S EXHIBIT 1

?s asked do
away

anda went + got gun.

→ Started @ bank in May

2 wks training

→ So May 15 or 17 started @ teller

love late/early

→ met △ in club in June

→ world cup on t.v. one time
when QS @ △'s house unsure
gun that time

knew it
was high-p?
that takes a
clip

→ met @ random locations not
@ house to get paid or check
on account

got a guy
1st guy
knew it wants you
to say its gun

→ QS stopped mtg after Suntrust police
+ investigation approached, asked for
codes, keys, they gave IR, count safe
down + leave. In Aug.

then called △ + said someone
snitching → who is arabic in photo

☐ NO PRIORS

Morales
- crime scene
  search officer
= fingerprint expert
= contact crime scene search ofc

fingerprint examiner
CV