UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| Vs. | : | Criminal No: 07CR61 (JDB) |
| | : | Sentencing: November 21, 2007 @ 9:00am |
| NAIBEYE KOUMBAIRIA | : | Judge: John D. Bates |
| | : | |
| Defendant(s). | : | |
| | : | |

**POSITION OF THE DEFENDANT WITH RESPECT
TO SENTENCING FACTORS**

**COMES NOW**, the defendant, Naibeye Koumbairia, by and through John O. Iweanoge, II, and THE IWEANOGES FIRM, P.C., his attorneys and submits this position of the defendant with Respect to Sentencing Factors, pursuant to this courts policy regarding procedures to be followed in Guidelines Sentencing, and in accordance with section 6A1.2 of the United States Guidelines.

**PSR AND GUIDELINES CALCULATIONS**

There are no other factual objections and/or corrections as same was resolved in the amended PSR paragraphs 74-76.

**ARGUMENT**

The United States Supreme Court has stated that a criminal sentence can have a variety of justifications, such as incapacitations, deterrence, retribution, or rehabilitation. See *Ewing v. California*, 538 U.S. 11, 123 S. Ct. 1179, 155 L.Ed.2d 108 (U.S. 03/2003; quoting from 1 W. Lafave & A. Scott, Substantive Criminal Law §1.5, pp. 30-36(1986)(explaining theories of punishment).

**Determining a Sentence After Booker**

As a result of the Supreme Court's ruling in *United States v. Booker,* 125 S.Ct. 738(2005), the sentencing guidelines are now "efficiently advisory" in all cases. Id at 757. The result is that a district court must now "consider Guidelines ranges, "but may "tailor the sentencing in light of other statutory concerns as well." Id.

1

Sections 3553(a)has been described in *Booker* and much *Post-Booker* case law as containing various "factors"-one of which is the Sentencing Guidelines and the guidelines range calculated pursuant to them-that must now be considered in determining a sentence. This is a potentially misleading over simplification. Section 3553(a) is actually comprised of two distinct parts: the so-called "sentencing mandate" contained in the prefatory clause of Section 3553(a), and the "factors" to be considered fulfilling that mandate. The sentencing mandate is an overriding principle that limits the sentence a court may impose.

    a.    **The Section 3553(a)Sentencing Mandate: The "Parsimony Provision"**

The basic mandate and overriding principle of Section 3553(a) requires a district court to impose a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in Section 3553.

a. retribution ("to reflect seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense");

b. deterrence ("to afford adequate deterrence to criminal conduct");

c. incapacitation ("to protect the public from further crimes of the defendant"); and

d. rehabilitation ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner").

18 U.S.C. §3553(a)(2).

The sufficient-but-not-greater-than-necessary requirement has been described as the "parsimony provision." See, e.g. , *United States v. Brown*, F. Supp. 2d , 2005 WL 318701, at *6 (M.D. Pa. Feb. 10, 2005); see also *Bifulco v. United States*, 447 U.S. 381, 387 (1980) (explaining that statutory construction "rule of lenity" applies to sentencing statutes as well as to substantive criminal offense statutes). Critically, the parsimony is not just another "factor" to be considered along with the others set forth in Section 3553(a). Rather, it sets an independent upper limit on the sentence a court

may impose.

    b.    **The Section 3553(a) Factors to be considered in complying with the sentencing Mandate**

In determining what sentence is sufficient but not greater than necessary to comply with the Section 3553(a)(2)purpose of sentencing, the court must consider several factors listed in Section3353(a). These are(1)"the nature and circumstances of the offense and the history and characteristics of the defendant," (2) the kinds of sentence available; (3)the guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) guideline range; (4) the need to avoid unwarranted sentencing disparity; and (5) the need to provide resolution where applicable. 18 U.S.C. §3553(a)(1), (a)(3)-(7). Neither the statute itself nor *Booker* suggests that any one of these factors is to be given greater weight that any other factor. However, what is clear that all of these factors are subservient to Section 3553(a)'s mandate to impose a sentence not greater than necessary to comply with the four purposes of sentencing.

**Application of the Section 3553(a)Principles and Factors of This Case**

Mr. Koumbairia was convicted of unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922 (g)(1) and 924 (a)(2). The probation officer prepared an amended Presentence Report ("PSR"). The officer first set the base level at 14 pursuant to U.S.S.G. § 2K2.1 (a)(6)(A) and a final adjusted offense level is 14. That offense level when coupled with Mr. Koumbairia's criminal history category of II results in advisory guideline imprisonment range of 18-24 months.

    A.    **The Nature and Circumstances of the Offense**

One of the factors the Court is directed to consider under Section 3553 is the nature and circumstances of the offense. Here, the nature and circumstances of Mr. Koumbairia's offense, and prior contact with the Criminal Justice System, makes a lower than the low end guideline sentence of

18 months reasonable in this case.

### B. The Circumstances and History of the Defendant

Section 3553 also directs the Court to consider the circumstances and history of the Defendant when determining what sentence is appropriate. Mr. Koumbairia who is a father of two children and legally in this country following the murder of his father, the Chadian Ambassador to the U.S.

While Mr. Koumbairia has maintained stable employment over a long period of time, good relationship with his children, and family, however, he has a drug problem which he has never received treatment. This history of redeemable qualities and drug problem should be considered when determining what sentence is reasonable under Section 3553.

### C. The Need to Avoid Unwarranted Sentencing Disparities

The need to avoid unwarranted sentencing disparities is another consideration under Section 3553. Imposition of a sentence inside the guideline range would in this instance increase sentence disparities among defendants with similar records found guilty of similar conduct, rather than avoid such disparity, as called for by USSG. Mr. Koumbairia who is a lawful permanent resident, may be subject to removal/deportation from the United States because of this conviction and as such will be incarcerated longer if sentenced within the Guidelines while he awaits deportation to a third country since he cannot safely be removed/deported to Chad because of the circumstances aforestated.

A departure may be warranted if the defendant is a deportable alien. According to *United States vs. Renford George Smith*, 27 F. 3d 649 (D.C. Circuit 1994); *United States vs. Gideon Cassells*. 66 F.3d 377 (4th Cir. W.Va. 1995), a departure from the federal sentencing guideline may be warranted for a deportable alien since a period of incarceration is harsher for illegal aliens as they are not entitled to privileges available to United States citizens, pursuant to the Bureau of Prison Guidelines.

The Federal Sentencing Guideline Manual Ch. 1, Pt. A. § 2 states that 'If…a particular case presents a typical features, the Act allows the court to depart from the guidelines and sentence outside the prescribed range."

In *Smith* 27 F. 3d at 655 the court held that "a downward departure may be appropriate where the defendant as a deportable alien is likely to cause a fortuitous increase in the severity of his sentence."

Mr. Koumbairia's status as a "deportable alien renders her ineligible for benefits of 18 U.S.C. § 3624(c), which directs the bureau of prisons, to the extent practicable, to assure that prisoners spend part of the last 10% of their sentences under conditions (possibly including home confinement) that will afford the prisoner a reasonable opportunity to adjust and prepare for reentry into the community. '*Id at 654*. The Bureau of Prisons regulations bar Mr. Koumbairia (non-United States citizen) from assignment to a community corrections center except in what appear to be rare circumstances. See Federal Bureau of Prisons, Program Statement 5100.04: Security Designation and Custody Classification Manual, Ch. 2-9(June 15, 1992).*Id at 651*.

The Bureau of Prison policy will prevent Mr. Koumbairia from being assigned to serve any part of her sentence in a minimum-security prison, unlike a United States citizen. Mr. Koumbairia "a deportable alien will be assigned to a more drastic prison than otherwise solely because his escape would have the extra consequence of defeating his deportation." *Id at 655*. Therefore, Mr. Koumbairia's status as a deportable alien would have clearly generated increased severity and thus a proper subject of a departure." *Id*. The court in *Cassells* 66 F. 3d 317, also indicated that the district court has discretion to depart from the Federal Sentencing guidelines based on the above mentioned reasons. *See also* 18 U.S.C. § 3553(f).

    **D.**    **The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law and to Provide Just Punishment for the Offense, to Afford Adequate Deterrence, to Protect the Public from Future Crimes and to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment**

Some of the very statutory factors which are the ultimate guide to sentencing decisions post-*Booker* clearly argue in favor of less prison time, not more. With a defendant ultimately suffering from drug addiction disease, for example, there is facially less need for the sentence imposed to protect the public from further crimes of the defendant, but to provide the defendant with needed educational or vocational or correctional training and/or treatment.

Nor can it promote respect for the law to give Mr. Koumbairia a prison sentence that can quite credibly be viewed as greater than the sentence he likely would have received if there were no guideline. In light of the sentencing disparity outlined above, and the other factors outlined by section 3553 including the nature and circumstances of the offense and the character of Mr. Koumbairia, the circumstances of this case, Mr. Koumbairia requests that the Court sentence him lower than the low end of the Guidelines.

A sentence lower than the low end of the Guideline reflects the seriousness of Mr. Koumbairia's actions while at the same time accounting for the circumstances surrounding this offense and his individual circumstances. A lower than the low end of the Guideline sentence operates to promote respect for the law and to provide just punishment for the offense, to afford adequate deterrence to protect the public and to provide Mr. Koumbairia with needed educational or other correctional treatment and decrease the chances that he would return to Court, albeit there is a zero to low risk of recidivism.

Mr. Koumbairia has already been incarcerated without bond since May 2007. In terms of rehabilitation, Mr. Koumbairia who has been separated from his children and family has learnt his lesson from the Jury's verdict. There is already a strong deterrence value in the fact that Mr.

Koumbairia has already served more than six months of any sentence imposed.

In terms of retribution, regarding this criminal act, it is safe to say that with the proper placement in a drug program, he will be able to manage his drug dependency which is a disease and resume to being a productive citizen no matter where he ends up.

Finally, the ends of justice will be served if Mr. Koumbairia is sentenced lower than the low end of the guideline of 18 months.

## **FINE**

The defense agrees with the finding that Mr. Koumbairia does not have adequate resources to pay any fine or the cost of incarceration or supervision, upon release in light of removal/deportation.

**WHEREFORE** for the above stated reasons and for such reasons that will be stated at the sentencing hearing, the Defendant, Mr. Koumbairia, by and through counsel, respectfully requests that this Court sentence Mr. Koumbairia to a reasonable sentence lower than the low end of the guideline of 18 months with credit for time served.

Respectfully submitted,

Naibeye Koumbairia
Defendant by Counsel

THE IWEANOGES FIRM, P.C.

By: ___*/s/JohnOIweanoge/s/*___
John O. Iweanoge, II (DCB#: 439913)
IWEANOGE LAW CENTER
1026 Monroe Street, NE
Washington, D.C. 20017
Phone: (202) 347-7026
Fax:     (202) 347-7108
Email:  joi@iweanogesfirm.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _____15th_____ day of _____November_____, 2007, I caused to serve a copy of the foregoing documents:

## POSITION OF THE DEFENDANT WITH RESPECT TO SENTENCING FACTORS

___ by placing a true copy thereof in a sealed envelope, with postage prepaid, and causing same to be mailed by first class mail to the person at the address below;

___ by causing to be personally delivered a true copy thereof to the person at the address set forth below;

___ by FEDERAL EXPRESS/EXPRESS MAIL to the person at the address set forth below;

___ by telefaxing with acknowledgement of receipt to the person at the address set forth below:

___ by e-mail with acknowledgement of receipt to the person at the address set forth below:

_X_ by Court's ECF electronic notification


Debra Long-Doyle, AUSA
Precious Murchison, AUSA
United States Attorneys' Office
for the District of Columbia
555 4th Street, NW
Washington, DC 20530

Tennille Losch, USPO
United States Probation Office
for the District of Columbia
333 Constitution Avenue, NW, 2nd Floor
Washington, DC 20001


Dated: __15th__ day of __November_____, 2007.          _____/s/JohnOIweanoge/s/_____
                                                                    John O. Iweanoge, II